## Forward *vs.* Harris.

The plaintiff, and S., his assignor, being in possession of a bill of exchange, valid in their hands, for $913.50, drawn by one T., their debtor, to the order of, and indorsed by, two other persons, on the defendant, payable in three months, delivered the same to the defendant on his promise to pay them therefor the sum of $850, the next morning. *Held* that there was a good consideration to uphold the promise; the parting with the bill, under the circumstances, being a detriment to the holders, whether it was then accepted or not, and the receipt of it by the defendant being a legal benefit and advantage to him.

Where a defendant makes himself a witness, in his own behalf, under the 899th section of the code, his credibility is not certified by the plaintiff, but is to be weighed in the same manner, and his testimony submitted to the same tests, as that of other witnesses. And if his testimony and that of the plaintiff (or his assignor) are conflicting, the one testifying to one state of facts, and the other contradicting him—it is the duty of the referee, in deciding upon the facts, to pass upon the comparative credit of the two witnesses. And the judgment will not be reversed—in the absence of any controlling or influential circumstances in favor of one or the other—because he has given credit to one, rather than to the other.

THIS action was brought upon a contract alleged to have been made by the defendant with Forward & Smith, in Canada, under the following circumstances : Forward & Smith, residing and doing business in Oswego, in November, 1853, had a claim against one Thompson, residing in Canada, which was in the hands of the defendant as their agent, to look after. In November, 1853, Smith, of the firm of Forward & Smith, being in Canada, set about securing his debt against Thompson, who procured the blank indorsement of two other individuals upon paper on which a bill or note could be drawn, for the purpose of securing the debt of Forward & Smith. Upon this paper a bill was drawn by Thompson on the defendant, payable at a future day, to the order of the two indorsers, in blank, the defendant being present. The bill was a little over $900, and after it was drawn and, as the plaintiff claims, accepted by the defendant, it was agreed that the defendant should pay to Smith for his firm, the next morning, $850 for the bill, and it was delivered to him. The

next morning the defendant told Smith he had not been able to procure the note to be discounted, and could not pay the money then, but that Smith might telegraph to his partner at Oswego to draw on him at ten days, and he would accept and pay. He did so, and the partner drew at ten days' date, and the draft was dishonored for non-acceptance. The draft delivered to the defendant was never returned to Forward & Smith, but another of like amount, but of a different date, with no drawee named in it, was sent to them by the defendant. Smith assigned the claim against the defendant to his partner Forward, who brings this action. The facts were in dispute between the parties, and this statement is substantially in accordance with the claim of the plaintiff and the finding of the referee. The cause was tried by a referee, who gave judgment for the plaintiff for the $850 and interest from the time of the contract; and the defendant appealed.

*C. Rhodes,* for the appellant.

*Robinson & Getty,* for the respondent.

*By the Court,* W. F. ALLEN, J.   I am inclined to believe that the plaintiff in his complaint, and the referee in his report, have fallen into an error in calling the transaction between Smith, acting in behalf of Forward & Smith, and the defendant, a sale and transfer of the draft or bill of exchange from the firm to the defendant. The bill being drawn on the defendant, whether accepted by him or not, was perhaps the subject of a sale to him; although this may not be entirely clear. But the mistake, if one was made, is unimportant, and does not affect the rights of the parties. The facts upon which the plaintiff predicates his right to recover are substantially stated in the complaint, and reported by the referee to have been proved upon the trial. The judgment is consistent with the case made by the complaint, and no objection can be taken, for the reason that the transaction has been called a

sale, instead of being counted upon as a special agreement, on the part of the defendant, to pay the firm of Forward & Smith a specified sum for considerations which are sufficiently stated, moving between the parties to the agreement. (*Code,* §§ 275, 169.)

Assuming that the plaintiff's allegations were true, and that the report of the referee is supported by the evidence, the plaintiff and his partner were in possession of a bill, valid in their hands, drawn by their debtor, to the order of, and indorsed by, two other persons, on the defendant. If it was accepted, then it constituted also a valid claim against the defendant, as acceptor, absolutely liable to pay it. If it was not accepted, the holders might at once have prosecuted it for acceptance, and either secured the liability of the defendant, or, if acceptance was refused, had their action, immediately, against the drawer and indorsers. This valuable paper, and their legal rights, they parted with to the defendant upon his promise to pay a given amount. The parting with that paper, under the circumstances, was a detriment to the holders. It was an injury to them, and therefore sufficient to sustain the promise. But the receipt of the bill was a legal benefit and advantage to the defendant. The payment by him was not a voluntary payment of the debt of a third person, without request, which could not give an action against the party benefited by the payment. The draft was a written request by the drawer to pay the amount specified in the bill, and if the defendant, the drawee, had funds of the drawer in his hands, the payment discharged him to the amount paid ; and if he had not funds, then it gave him a legal claim upon the drawer for the amount of the bill, and the possession of the bill would be evidence of payment. (*Wing* v. *Terry,* 5 *Hill,* 160.) In this aspect there was a good consideration moving to this defendant, to support the promise. The bill was for $913.50, payable three months from the time of the alleged agreement, which was to pay $850 presently. The difference in the times of the payment, and between the amount paid

and the amount thereafter to become due, formed the inducement to the parties to enter into the agreement; the one receiving an equivalent in ready pay, the other in the enhanced amount to be received at a future day. It was not the case of an agreement to pay a small sum in satisfaction of a larger debt actually due, nor a simple contract to pay a debt secured by a higher obligation, and is distinguished from the several cases cited by the counsel for the appellant. (*Miller* v. *Holbrook*, 1 *Wend.* 317. *Seymour* v. *Minturn*, 17 *John.* 170. *Pabodie* v. *King*, 12 *id.* 426. *Miller* v. *Watson*, 5 *Cowen*, 195.) This view of the contract renders it unnecessary to inquire what effect a sale of the bill to the drawee would have, upon its validity as a bill. In no event would the indorsers be liable to the drawer, and his claim upon the drawer would be for money paid at his request. This brings me to the question whether the report and judgment of the referee was warranted by the evidence. The evidence bearing upon the principal features of the transaction was conflicting, the assignor of the plaintiff testifying to one state of facts, and the defendant, testifying in his own behalf, contradicting him. It is claimed by the counsel for the appellant that this left the plaintiff's case unproved, in analogy to the rule in chancery that an answer of a defendant, under oath, responsive to the bill, could not be overcome by a single witness. · But that was for the reason that the complainant, by calling for a discovery from the defendant, made him, for that purpose, his witness, and was estopped from discrediting him, and therefore a single witness against the answer left the case balanced, and other evidence was required to give a preponderance in favor of the complainant. And perhaps where a party calls his adversary as a witness, under the 390th section of the code, the rule might be applied. But the defendant in this action made himself a witness, under the 399th section, in his own behalf, and his credibility was not certified by the plaintiff, but was to be weighed, and his testimony submitted to the same tests as that of other witnesses, and it was the duty of

the referee to decide upon the facts ; and in so doing, he ne-cessarily passed upon the amount of credit to be given to the two witnesses upon whose testimony the case turned. He had the means of determining the comparative credit of the two, which we have not, and the judgment cannot be reversed, in the absence of any controlling or influential circumstances in favor of one or the other, because he has given credit to one rather than to the other. If this is so, then the evidence of Mr. Smith was to the point, and authorized the report of the referee. His testimony is positive to the agreement, and to the delivery of the bill to the defendant for his use, and the acceptance of it by the latter and the subsequent promise to pay ; and the testimony is confirmed by the omission of the defendant to return the bill to Forward & Smith after he re-pudiated the agreement, and his attempt to substitute another and imperfect bill in its place. Whether the bill was accepted by the defendant or delivered to him under the agreement, was a question of fact properly decided by the referee, upon the circumstances in evidence. It is true the witness Smith testified that he could not say that the defendant, when he took the paper, did not understand that he would take it and get it discounted ; and as this related to the mental opera-tions of the defendant, he could not properly speak of them. But he tells what passed, and the referee judges of the intent of the parties and what was really understood, and upon what their minds actually met. The referee evidently gave credit to Smith, and upon his testimony there is no doubt of the performance of the agreement on the part of the plaintiff and his copartner, by the delivery of the bill to the defendant and the acceptance of the same by him as a performance on the part of Forward & Smith.

That the contract was void by the statute of frauds cannot be objected, for the reason that there is no evidence that there is such a statute in Canada, or if so, what are its provisions. The variance, if any exists, between the pleadings and proofs, in respect to the dates, amounts and times of payment of. the

Forward *v.* Harris.

drafts mentioned, was not objected upon the trial. The objection was waived, by the omission to take it then, and it cannot be taken now, upon appeal. And so the objection that the draft drawn by Forward & Smith on the defendant was at ten days' date, instead of ten days' sight, cannot now be taken, for several reasons : (1.) It was not taken on the trial. (2.) The refusal to accept and pay it was not put upon the ground that it was not drawn in pursuance of the agreement and understanding of the parties. If that objection had been taken, a new bill would have been drawn to obviate the objection. The objection to accept and pay, was upon the ground of a repudiation, or rather a refusal to recognize the contract or any subsisting liability on his part, and it is now too late to rest an objection upon ground which might have been obviated if it had been taken at a proper time. (3.) The action was upon the agreement to pay the next morning after the delivery of the draft to the defendant. The consent of Forward & Smith to draw the bill was not a new agreement, or a modification of the old agreement, but the mere adopting of a mode of payment at the request and for the benefit of the defendant ; and had he accepted and paid the draft, it would have discharged the original understanding, but not having done so, that remained in force.

There was no error in the rulings of the referee in the admission or exclusion of evidence. The parol evidence of the contents and acceptance of the draft of Thompson on the defendant, the subject matter of the agreement, was properly admitted. It was, if in existence, in the possession of the defendant, and the nature of the action was sufficient notice to him to produce it on the trial, if its production was necessary. The objection to evidence of acceptance, that it was not averred in the complaint, was not taken, and was therefore waived. The bill drawn by Forward & Smith on the defendant was properly admitted in evidence as a part of the *res' gestæ,* and the solvency of Thompson and the prior negotiations between Thompson and the defendant for the securing of Forward &

Smith's debt against Thompson were irrelevant, as the evidence would have thrown no light upon the transaction under investigation, and also for the reason that it was to matters quite collateral to the matters testified to by Smith, and not calculated to qualify or explain his evidence, or discharge any claim or demand established by it. The principle of the case of *Gardner* v. *Clark* (17 *Barb.* 538) is probably correct as there stated, but the testimony offered to be given by the defendant in this case did not come within it.

[Oswego General Term, July 7, 1857. *Hubbard, Pratt, Bacon* and *W. F. Allen,* Justices.]