JORDAN, appellant, v. JORDAN *et al.*

*Witness — deposition under Code,* §§ 390, 391 — *impeachment.*

The deposition of a witness was taken at the instance of the plaintiff pursuant to §§ 390, 391 of the Code; but at the trial of the cause the plaintiff rested without reading the deposition. The defendant then read it. *Held,* (1) that defendant was entitled to read the deposition, and (2) that the plaintiff could not introduce evidence to impeach the character of the witness.

APPEAL from a judgment in favor of defendants entered in Erie county, upon the report of a referee. The action was brought to establish the title of the plaintiff to a farm. The necessary facts appear in the opinion.

*Stephen Lockwood, Jr.,* for appellant.

*Humphrey & Lockwood,* for respondents.

E. DARWIN SMITH, J. The chief issue of fact tried by the referee was, whether the defendant, Michael Jordan, and his wife, had ever executed and delivered a deed of the premises in dispute to Catharine Kennedy, a sister of the defendant's former wife. Upon this issue the referee, I think, properly held that there was no sufficient proof that any such instrument was ever executed and delivered. The existence of such a deed in the possession of the grantor, I should think, was sufficiently proved, but I think there was really no proof that it was ever delivered to the grantee named therein, or ever took effect as a valid deed of said premises.

A single exception was taken on the trial, which demands consideration. The testimony of the defendant, Michael Jordan, it appears had been taken before the county judge of Erie county, at the instance of the plaintiff, pursuant to sections 390 and 391 of the Code. The plaintiff's counsel on the trial rested without reading the deposition taken. The defendant's counsel then read it, as I think he was clearly entitled to do. *Barry* v. *Galvin,* 37 How. 310.

The plaintiff's counsel then called witnesses, and proposed to impeach the general character of the witness, to which the defendant's counsel objected, on the ground that the plaintiff had made the defendant his witness by taking his examination as a witness in

his behalf. The referee sustained the objection, and the plaintiff's counsel duly excepted.

When a party calls the adverse party as a witness at the trial, pursuant to section 390 of the Code, or examines him before a judge previously to the trial, pursuant to section 391, he, in effect, makes him his witness to prove his cause of action. And he makes him such witness subject to the same rules, restrictions and tests which apply to other witnesses. *Forward* v. *Harris,* 30 Barb. 338; *Burnett* v. *Harris,* 50 id.; *Pickard* v. *Collins,* 23 id. 456. Section 393 provides, that the examination of a party thus taken may be rebutted by adverse testimony. This provision limits discrediting testimony to rebutting evidence upon the merits and the substance of the testimony given. It does not change the general rule of evidence, that a party calling a witness vouches for his general character, and cannot be permitted afterward to impeach it by general evidence. I can see no good reason why this rule should not be applied to the examination of a party under the sections 390 and 391 of the Code.

If his adversary will examine a party at the trial, or fish for evidence before the trial to support his action by a preliminary examination before a judge, he should not be allowed, if he does not like the testimony elicited, to turn round and insist and prove that the witness he had called and examined was not to be believed upon oath.

I think the referee decided correctly upon this point, and that the judgment should be affirmed, with costs.

*Judgment affirmed.*