ELIAS W. CURTIS, Respondent, *v.* THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Appellant.

In an action to recover for the loss of baggage delivered to defendant at Scranton, Pa., to be transported to and delivered in New York city, *held,* that the contract was not controlled by a statute of Pennsylvania limiting and defining the liability of railroad corporations for baggage; but that the rights of the parties were to be determined by the laws of this State, where the delivery was to be made.

The baggage in question consisted of articles which had been in use by plaintiff, his wife and child. Plaintiff was not a passenger by the train which took the baggage, having taken another train. His wife and child, however, were on the train. *Held,* that it was not necessary to a recovery that plaintiff should have been upon the train; that he was sufficiently represented by his wife.

The articles lost had most of them been purchased by plaintiff as necessaries for himself, his wife and child. *Held,* that he was entitled to recover for them; and that it was not necessary to a recovery to show gross negligence.

The title to the paraphernalia of a wife, which has been paid for and furnished by the husband, is, in the absence of evidence of a gift thereof to the wife, in him, and for an injury to it, he is the proper party to bring an action.

The baggage arrived safely in New York, and was there lost through defendant's negligence. *Held,* that, without regard to the question of defendant's liability as common-carrier, it incurred the responsibility of a warehouseman, and was liable for negligence.

(Argued May 23, 1878; decided June 11, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming

a judgment in favor of plaintiff, entered upon a decision of the court on trial, without a jury.

This action was brought to recover for the loss of a trunk and its contents. The court found, in substance, that plaintiff, on the 9th of October, 1875, took passage on defendant's road from Scranton, Pa., to New York city, leaving his baggage to be brought by his wife ; that, on the 16th of October, 1875, plaintiff's wife and infant son took passage at Scranton for New York, with his and their baggage, consisting of personal clothing, all of which was his property ; that the baggage was brought safely by defendant to New York, and was there lost through its negligence.

That by a general act of the Legislature of said commonwealth of Pennsylvania, passed on the 11th day of April, 1867, and at all times since and still in force, it was enacted and declared as follows :

" Section 1. Each passenger upon a railroad shall have the right to have carried in the car or place provided for that purpose, in the train in which he or she may be a passenger, his or her personal clothing, not exceeding, inclusive of the trunk or box in which it may be contained, one hundred pounds in weight, and $300 in value."

" Section 2. No railroad company shall, under any circumstances, be liable for loss or damage of any baggage or property belonging to any such passenger, beyond the said sum of $300, unless it shall be proven that the excess in value thereof over that sum was duly declared to the agents of the company at the time of its delivery for transportation, and the sum charged by the railroad company for such transportation over and above passage fare was paid :

" Provided, however, that the said declaration shall not relieve the claimant from proving the actual value of the articles alleged to have been lost or damaged ; but in no event shall there be any recovery beyond the value thus declared."

Further facts appear in the opinion.

*Hamilton Odell*, for appellant.   The right of a passenger on a railroad to have reasonable baggage carried without additional compensation rests wholly in usage.   (*Hawkins* v. *Hoffman*, 6 Hill, 589; *Orange Co. Bk.* v. *Brown*, 9 Wend., 85; *Cohen* v. *Frost*, 2 Duer, 341; *Miss. Cent. Co.* v. *Kennedy*, 41 Miss., 671.)   The baggage must accompany the passenger in the same train.   (Laws of 1850, chap. 140, § 37; *Wilson* v. *Grand Trunk Co.*, 56 Me., 60.)   It must be the baggage of the passenger.   (*Cahill* v. *L. and N. W. Co.*, 13 C. B. N. S., 818; *Stimson* v. *Conn. River Co.*, 98 Mass., 83; *Becher* v. *G. E. Co.*, 5 L. R. [Q. B.], 241.)   Defendant is a Pennsylvania corporation, and its liability is limited and defined by the statutes of that State.   (*Thompson* v. *Ketchum*, 8 Johns., 189; *Sherrill* v. *Hopkins*, 1 Cow., 108, *Pomeroy* v. *Ainsworth*, 22 Barb., 127; *Lee* v *Silleck*, 32 id., 525; affirmed, 33 N. Y., 615; *Balme* v. *Wanbough*, 38 Barb., 363; *Chapman* v. *Robertson*, 6 Paige, 627; *Everett* v. *Vendryes*, 19 N. Y., 437; *Dike* v. *Erie Co.*, 45 id., 113; *Waldron* v. *Ritchings*, 3 Daly, 288; *Levy* v. *Levy*, 78 Penn., 507; *Adams* v. *Robertson*, 37 Ill., 60; *Talbot* v. *Merchant's Transportation Co.*, 41 Iowa, 247; *McDaniel* v. *C. and N. W. Co.*, 24 id., 412; *Knoulton* v. *Erie Co.*, 10 Ohio St., 260; *Peninsular and Oriental Co.* v. *Shand*, 3 Moore P. C. [N. S.], 272.)   For whatever the trunk contained which was not the personal clothing of plaintiff's wife and child defendant could only be held liable upon proof of gross negligence.   (*Smith* v. *B. and M. Railroad*, 44 N. H., 325; *C. and C. Co.* v. *Marcus*, 38 Ill., 219; *Mich. South. Co.* v. *Oehm*, 56 Ill., 293; *Stimson* v. *Connecticut River Co.*, 98 Mass., 83; *Knowles* v. *A. and St. L. Co.*, 38 Me., 55; *Foster* v. *Essex Bank*, 17 Mass., 479; *Hawkins* v. *Hoffman*, 6 Hill, 589; *First Nat. Bk.* v. *Ocean Bk.*, 60 N. Y., 279, 293, 295; *McCombs* v. *N. C. Co.*, 67 N. C., 193; *Great Northern Co.* v. *Shepard*, 8 Exch., 30; *Pardee* v. *Drew*, 25 Wend., 459.)   Defendant was not liable as a warehouseman.   (*Morritt* v. *N. E. Co.*, 1 Q. B. Div., 302; *Harris* v. *G. W. Co.* 1 id., 515; *Lamb* v. *West. R. R. Co.*, 7 Al., 98; *Putnam* v. *Hub-*

*bell*, 42 N. Y., 106; *Mason* v. *Lord*, 45 id., 477; *Matthews* v. *Coe*, 49 id., 57.)

*Edward MacKinley*, for respondent. Defendant's liability was to be determined by the laws of this State. (*Sherrill* v. *Hopkins*, 1 Cow., 103 ; *McCormick* v. *Penn. R. R. Co.*, 49 id., 312 ; *Dike* v. *Erric*, 45 N. Y., 113; *Kerby* v. *Adams & Co.*, 3 Wkly. Dig., 56; 2 Mo. App. Rep., 369; 66 N. Y., 313.) The fact that plaintiff was not a passenger on the train did not relieve defendant from liability. (*Freethy* v. *Freethy*, 42 Barb., 641.) Defendant could not claim the benefit of the statute requiring a declaration of excess of value over $300 and payment for such excess, because it was its duty to ascertain whether an excess existed. (8 J. R., 520; 49 N. Y., 312; *Blosson* v. *Dodd*, 43 id., 264; *Rawson* v. *Penn. R. R. Co.*, 48 id., 212; 22 Wend., 395; *McCluskey* v. *Cromwell*, 11 N. Y., 593; 2 Mass., 146; 2 Paige, 116; 6 Wend., 85.) Plaintiff was the real party in interest and the action was properly brought in his name. (*Rodgers* v. *L. I. R. R. Co.*, 1 T. & C., 396; 2 Abb. N. S., 220; 48 N. Y., 212.)

MILLER, J. The right of a passenger to recover of a railroad corporation damages arising by reason of a loss of baggage, while traveling upon the railroad, is fully established, and according to the laws of this State there can be no question as to the liability of such company for the loss actually sustained, when it fails to fulfil the contract with the traveler, or is chargeable with negligence, by which the damages are caused. The baggage, for which a recovery was had, was delivered to the defendant at Scranton, in the State of Pennsylvania, to be transported to and delivered in the city of New York. The first question which arises upon this appeal is whether the statute of the State of Pennsylvania, passed in 1867, which limits and defines the liability of railroad corporations upon contracts entered into by them for the transmission of baggage, forms a part of the contract

between the plaintiff and the defendant, and should be con
sidered as determining the right to recover and the amount
of the recovery.    I think that the statute cited has no appli-
cation, and that the rights of the parties must be determined
in accordance with the laws of the State of New York, which
are applicable to such contracts, as is manifest by referring
to the principles which govern contracts of this description.
One of the rules applicable to the subject is that the *lex loci
contractus* is to govern, unless it appears upon the face of the
contract that it was to be performed in some other place, or
made with reference to the laws of some other place, and
then the rule of interpretation is governed by the law of the
place.    (*Dyke* v. *Erie Railway Co.*, 45 N. Y., 113 ; *Sherrill*
v. *Hopkins*, 1 Cow., 103.)    The place of delivery was a
material and important part of the contract, and until such
delivery, the same was not completed and fulfilled.    Upon a
failure to deliver the baggage to the plaintiff, in the city of
New York, there was a breach of the contract ; and as the
final place of performance was in that city, it would seem to
follow that, within the rule laid down, the contract was to
be governed, at least so far as a delivery is concerned, by the
laws of New York.    This certainly was to be done in a
different place from where the contract was made, and it is a
reasonable inference that it was in the contemplation of the
parties at the time, and that it was entered into with refer-
ence to the laws of the place where it was to be delivered.
So also, when it appears that the place of performance was
different from the place of making the contract, it is to be
construed according to the laws of the place where it is to be
performed.    (*Sherrill* v. *Hopkins, supra*, p. 108, and authori-
ties there cited ; *Thompson* v. *Ketcham*, 8 Johns., 189; 4
Kent's Com., 459.)    The place of final performance of the con-
tract being in the city of New York, although the transport-
ation was mostly through other States, no reason exists why
a failure to deliver the baggage should not be controlled by
the laws which prevail at the place of delivery.    It is said
that the contract is entire and indivisible, and we are referred

to some cases outside of this State, which, it is claimed, sustain the doctrine that the locality where the contract was made, in cases of this character, must control.   None of the cases cited are entirely similar to the one at bar and do not involve the precise point now considered.   But even were it otherwise, they are not, I think, controlling, as no reason exists why a contract to deliver baggage should not be governed by the laws of the place where the baggage is to be delivered.

It is also said that the plaintiff has no right of action whatever ; that he was not a passenger by the train, having previously passed over the road, and he had no right to have his property brought by another train at a later day.   The baggage in question consisted of articles which had been in use by the plaintiff and his wife and child, and the wife and child were on the same train, accompanying the baggage.   It may be assumed, I think, that the plaintiff was sufficiently represented by his wife, and it was not absolutely necessary that he should be personally present, either under the statute of Pennsylvania or otherwise, to entitle him to maintain an action for the loss of the baggage.   The relationship existing between husband and wife is of such an intimate and confidential character that she may properly be regarded as representing him, under the circumstances presented.   She was certainly acting in the place and on the behalf of her husband, in traveling over the defendant's road, and it would be establishing a rigid and a severe rule, which is not sustained by authority, to hold that where the husband, by reason of business or otherwise, was obliged to leave the baggage for himself and family in charge of his wife, to be brought at a future day, that all claim for damages for any cause was lost. In none of the cases cited to maintain the position, that no recovery can be had where the owner is not with the baggage, does it appear that the wife of the plaintiff had the baggage in charge, or that in part it was for the use of the owner and his wife and child.   The baggage being, to some extent, at least, for the benefit of the members of the plain-

tiff's family, who were on the train, and had paid their fare, the case is distinguishable from one where the plaintiff's servant, or some other person, who has no interest in the baggage, takes his place, or even where the plaintiff himself follows the baggage on a later train. (See *Wilson* v. *Grand Trunk Co.*, 56 Me., 60; *Becher* v. *Great Eastern Co.*, 5 L. R. [Q. B.], 241 ; *Stimson* v. *Conn. River Co.*, 98 Mass., 83; *Belfast and Ballymena Co.* v. *Keys*, 9 H. of L. Cases, 556.)

The right of the husband to maintain the action as against a stranger is quite clear. The judge, on the trial, found that he was the owner, and the evidence shows that he had purchased most of the articles, as necessaries for the proper clothing of himself, his wife and child. He clearly had a right to sue for his own wearing apparel and for that of the infant. . He had never absolutely parted with any portion of it to his wife, and hence she had no direct title to the same, or control over it, upon any such ground.

The contest here is not between husband and wife in regard to her paraphernalia, but for damages for the loss of articles which the husband had a right to control and dispose of. At common law, during coverture, the wife's paraphernalia belonged to the husband, and for an injury to it he was the proper party to sue. The statute has not changed the rule, except that the wife's paraphernalia is secured to her even against creditors. (2 R. S., 84, §§ 9, 10.) The title is in the husband when he has paid for the articles, and furnished them. Nor do the statutes in reference to the rights of married women, and gifts of personal property from the husband to the wife, affect the husband's right, until a gift has been actually made, and is proved. As the evidence does not show any such gift, the right of the husband was paramount and should be upheld. Where there is a gift, the wife may bring an action, but otherwise the husband must sue. (*Rawson* v. *Penn. R. R. Co.*, 2 Abb. [N. S.], 220; *S. C., on Appeal*, 48 N. Y., 212; *Rodgers* v. *Long Island R. R. Co.*, 1 N. Y. S. C. R. [T. & C.], 396.)

It is also insisted that as the statute only permitted Mrs.

Curtis, as a passenger, to carry with her, at the defendant's risk, a limited amount of " her personal clothing," and possibly her child's " personal clothing," as baggage, the law will regard the remainder as merchandize. And as to that the defendant was not a common-carrier, but a gratuitous bailee, and liable only for gross negligence. The answer to this position is, that if the plaintiff, as husband, was entitled to the control of the property, and it may be regarded as belonging to him, it cannot be said that the restriction contained in the statute, even if it was in force as to the contract in question, could affect the plaintiff's claim.

Nor is there any ground for claiming that the plaintiff was bound to prove gross negligence, within the principle decided in *Magnin* v. *Dinsmore* (62 N. Y., 35). In that case there was evidence to show a suppression of the truth, and that a fraud was practiced which affected the decision, and the forwarding of packages by express was the especial business of the company, while with a railroad corporation the transmission of baggage is only incidental to the carrying of passengers.

The reasons already stated are entirely sufficient to uphold the judgment of the trial court; but there is another ground upon which, I think, it may be sustained. The judge found that the baggage, consisting of the personal clothing of the plaintiff's wife and infant son, was safely brought by the defendant from Pennsylvania to the city of New York, and was there lost by the negligence of the defendant. The evidence also shows that the plaintiff demanded the baggage immediately upon the arrival of his family in New York, and at two different times after this, and on neither of these occasions was it produced, nor was any explanation given of the cause of its disappearance. Proof was also given that a few days after the last demand a person claiming to act for the defendant saw the plaintiff, stated that he called at the request of the company ; that the company's office had been broken open in New York and the baggage stolen, and offered to pay the plaintiff $100 for the same, which offer

was refused.   The evidence last mentioned does not establish the liability of the defendant, and would have been excluded, as hearsay testimony, if objected to.   As, however, the baggage was not delivered when demanded, and no satisfactory explanation given for its non-delivery, without regard to the question whether the defendant became liable as a common-carrier, I think it incurred the responsibility of a warehouse-man, or that of an analagous character, and was liable for negligence.   (*Fairfax* v. *N. Y. C. and H. R. R. R. Co.*, 67 N. Y., 11;  Story on Contracts, §§ 446, 447, 448;  2 Parsons on Contracts, 140;  Angell on Carriers, 267;  *Hathorn* v. *Ely*, 28 N. Y., 78;  *Burnell* v. *N. Y. C. R. R. Co.*, 45 id., 184, 186.)   If it had arrived, as was found, it certainly could not have been disposed of without some act of the defendant's agent, or neglect of its duty as a warehouseman or bailee. If it was detained without any cause then clearly the defendant was liable for refusing to deliver the same when demanded.

Some of the articles contained in the trunk, amounting in value to the sum of $144, did not consist of personal clothing which might be considered as useful and necessary for the plaintiff and his family, while temporarily absent from home. What should constitute necessary baggage for a traveler depends very much upon the circumstances of each particular case.   The conveniences required for the journey which has been taken, the duration of the absence, as well as the position of the parties, have considerable to do with it, and all these are to be considered as a question of fact for the decision of the court or the jury.   No particular point was made, upon the trial, in regard to these articles, nor any special request that they should be deducted from the value of the whole, and it is but reasonable to assume that the question was not raised.   We are not, therefore, called to decide whether there was error in this respect.

We are unable to discover any ground for reversing the judgment, and we are of the opinion that it should be affirmed.

All concur.

Folger and Earl, JJ., concur on first ground.

Judgment affirmed.