WILLIAM GOLDEN, RESPONDENT, *v.* WILLIAM F. ROMER AND JACOB H. TREMPER, APPELLANTS.

*Warehouseman — proof of a demand and his refusal to deliver goods, casts upon him the burden of excusing the non-delivery.*

Where, in an action to recover property delivered to a warehouseman, the plaintiff proves a refusal or omission on the part of the warehouseman to deliver the property after the same has been duly demanded, the burden of proof is shifted, and the defendant is bound to account for the property and excuse his omission to deliver the same.

APPEAL from a judgment of the County Court of Ulster county in favor of the plaintiff, entered upon the verdict of a jury and from an order denying a motion for a new trial made upon a case and exceptions. The action was originally commenced in a justices' court.

The complaint alleged: "That the defendants are co-partners in trade, and are also common carriers, carrying on and doing business under the firm name and style of Romer & Tremper;

that they carry on and do business at the city of Kingston, Ulster county, N. Y.; that said firm of Romer & Tremper (defendants) are the owners of a freighting line between New York city and the city of Poughkeepsie, and Newburgh and Albany, and the city of Kingston, and carry on such freighting line as aforesaid as common carriers.

"That as such common carriers the defendants received from one William A. Fanning, on or about the 1st day of August, 1872, two coils or packages of rope, being by said William A. Fanning, at the city of Poughkeepsie, shipped and consigned to the plaintiff, who then resided and was doing business at said city of Kingston (Rondout), in said county of Ulster. That said defendants received said ropes as the property of the said plaintiff, and did receive such under their promise and agreement, as common carriers, to carry the said rope safely to the said city of Kingston (Rondout), and deliver the same to the said plaintiff at (Rondout), said city of Kingston, in good condition and upon demand of plaintiff; that on or about the time last-aforesaid, and several times since and before the commencement of this action, said plaintiff demanded said rope from the said defendants; that said defendants then refused and still refuse to deliver said rope to plaintiff; that said rope was of the value of thirty-five dollars, wherefore plaintiff asks and demands judgment against defendants for thirty-five dollars, with interest thereon from the 1st day of August, 1872, with costs."

Upon the trial a delivery of the rope at Poughkeepsie, a demand therefor at Rondout, and a failure of the defendants to deliver it or to account for their omission so to do was proved.

*G. R. Adams*, for the appellants.

*Chas. A. Fowler*, for the respondent.

BOCKES, J. :

The point urged by the appellants' counsel, that no recovery could be had against the defendants as warehousemen under the complaint herein, is not well taken. The complaint is sufficiently comprehensive in its statements of fact to uphold a recovery

against the defendants, either as common carriers or warehouse-men. It charges a delivery of the plaintiff's property to the defendants as common carriers, and .its non-delivery. This wás sufficient to charge the latter as common carriers. In addition to this it charges a demand of the property by the plaintiff, and a refusal or neglect to deliver it on demand by the defendants. Therefore the complaint was sufficient to uphold a recovery against the latter as warehousemen. The defendants were both common carriers and warehousemen, and the plaintiff had the right to state in his complaint the facts attending the loss of his property, and to recover on such statement accordingly as he should establish a right of recovery on his proof. (*Curtis* v. *Del., Lack. and W. R. R. Co.*, 74 N. Y., 116; *Fairfax* v. *N. Y. C. and H. R. R. R. Co*, 73 id., 167.)

The question then is, whether a case was made on the evidence against the defendants as simple bailees, as warehousemen. To make them responsible in this character it was necessary for the plaintiff to show that the property was lost to him through the defendants neglect. The latter were bound to ordinary diligence in caring for and protecting the property, and to that only. But an omission or refusal to. deliver the property on due demand was evidence of ·neglect of duty which, unexplained and inexcused, would give the right of action. (*Curtis* v. *Del., Lack. and W. R. R. Co.*, 74 N. Y., 124, and cases there cited; *Fairfax* v. *N. Y. C. and H. R. R. R. Co.*, 73 id., 167.) A demand and refusal to deliver was shown in this case. Now the burden of proof shifted to the defendants. They were now bound, in order to discharge themselves from liability, to excuse their omission to deliver. As was held in *Fairfax* v. *N. Y. C. and H. R. R. R. Co. (supra)*, having incurred the liability of warehouse-men, they were bound to account for the property in some way when demand was made, and if gone, to show that it had disappeared without their fault. (*Penn. R. R. Co.* v. *Miller*, 87 Penn., 395, 398.) This they might do by showing that it was destroyed or stolen from them under circumstances discharging them from all negligence. But they were bound to excuse the non-delivery. They set up in their case, and sought to prove, that the property had been in fact delivered to the plaintiff. In this they failed,

giving effect to the verdict of the jury. So, too, there was some evidence showing a possibility that it was stolen from the warehouse; but there was no direct proof of such fact, and certainly there was no proof whatever that, if stolen, it was stolen without undue exposure and want of ordinary care on their part. The burden was on them, after their omission to deliver on demand, to show themselves free from fault in its preservation and protection. All that they could fairly demand under the proof in this case was, that the question of due care on their part, as a question of fact, should be submitted to the jury. This having been allowed to them, they have no ground of complaint.

The judgment and order appealed from must be affirmed. with costs.

LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment and order affirmed, with costs