MARGARET A. CASE, Respondent, *v.* THE PHŒNIX BRIDGE COMPANY, Appellant.

To bring a case within the rule admitting parol evidence to complete an entire agreement of which a writing is only a part, the writing must appear on inspection to be an incomplete contract, and the parol evidence must be consistent with and not contradictory to the written instrument.

Plaintiff entered into a written agreement with defendant to sink certain piles for an iron pier, and to place the iron traverse girders, etc.; he "to put all iron in place in thirty days after sufficient iron has been delivered, provided that the iron is delivered in regular order and quantity, and that the floor is laid as required for the erection of the iron." Defendant agreed to deliver the iron as required. In an action to recover damages alleged to have been caused by defendant's delay in delivering the iron and laying the floor, plaintiff was allowed to prove, under objection and exception, that defendant, before the execution of the written agreement, agreed by parol that the floor should be laid so that plaintiff could complete her work within thirty days. *Held,* error; also that the defendant did not obligate itself by the contract to lay the floor, and delay in that particular had no other effect than to relieve plaintiff from her obligation to perform within thirty days, and could not be made the basis of a claim for damages against defendant.

*Case* v. *Phœnix Bridge Co.* (26 J. S. 435), reversed.

(Argued May 2, 1892; decided May 31, 1892.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made December 1, 1890, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

The parties to this action entered into a written agreement as follows:

" Memorandum of agreement made this 24th day of April, 1884, between the Phœnix Bridge Company of the first part, and M. A. Case, of Brooklyn, Kings county, of the second part. M. A. Case hereby agrees to sink about 154 Phœnix wrought iron piles, about ten feet deep, into the sand for an iron pier at Cape May, and he further agrees to place the iron traverse girders on top of the piles, secure the same and put in place all traverse and lateral rods and struts.

" In consideration of which the Phœnix Bridge Company agrees to pay to Mr. M. A. Case for all the above specified work, at the rate of twenty-seven dollars and fifty cents for every pile. The Phœnix Bridge Company also agrees to deliver all the iron at the site of the pier, and to furnish a competent engineer to 'give lines' and 'levels.' Payments to be made to Mr. M. A. Case two-weekly as the work progresses.

" Mr. M. A. Case further agrees to put all iron in place in thirty days after sufficient iron has been delivered, and provided that the iron is delivered in regular order and quantity, and that the floor is laid as fast as required for the erection of the iron.

" In witness whereof both parties have signed their names.

"THE PHŒNIX BRIDGE COMPANY,

" By A. Bonzano.

" M. A. CASE,

" By Henry Case,

" S. H. Bonner."                                   "*Attorney.*"

On May first defendant notified plaintiff to be ready to begin work on May fifteenth.

The iron piles required were not delivered at the site of the pier until May twenty-sixth, and on May twenty-seventh work was commenced.

It was not completed until the month of August.

Thereafter plaintiff began this action to recover (1) an unpaid balance of the contract price for the work; (2) for extra work and materials furnished at defendant's request during the erection of the pier; (3) damages caused by defendant's delay in delivering the iron and laying the floor of the pier.

No defense was made to the first two causes of action.

To the third defendant answered by a general denial excepting an admission that an agreement was made between the parties on April 24, 1884.

An order was thereafter made severing the causes of

action, and judgment having been entered on the two first named, the action was continued as if it had originally been brought on the third cause of action.

The referee found as a fact that plaintiff was delayed by defendant in the performance of the work for twenty-two days, during which time she was obliged to keep a number of men and her tools and machinery ready to engage in the work, and to pay said men their wages and board, and awarded damages for such expenditure and the value of the use of the tools and machinery.

Further facts appear in the opinion.

*Thomas G. Shearman* for appellant.

*Edward S. Clinch* for respondent.

BROWN, J. The judgment awarded by the referee to the plaintiff was predicated upon a breach of the contract by defendant in two respects. First, the failure to deliver the iron called for by the plans and specifications in sufficient quantity, or as rapidly as the progress of the work required; and, second, the failure to lay the floor of the pier as fast as it was practicable to do it.

The appellant contends that it was not liable for the delay in the laying of the floor of the pier, and if this contention is sound the judgment must be reversed, as it is impossible to determine what portion of the damages is properly attributable to the delay in furnishing the iron.

At the defendant's request the referee found that on April 24, 1884, the parties entered into the written agreement set out in the preceding statement, and he refused to find "That the defendant did not agree to lay the floor of the pier as fast as the plaintiff might require it for the erection of the iron." And to this refusal the defendant excepted.

In his formal decision the referee found that the defendant's obligation included the delivery of the iron at the site of the pier as rapidly as the progress of the work required

and the laying of the floor of the pier as fast as practicable. It appeared from the evidence that the floor of the pier was the subject of a separate contract which had been made with a carpenter at Cape May, of which fact plaintiff was informed before she made her agreement. If, however, defendant agreed that such work should be done within a certain time it would be of no importance by what instrumentality it sought to perform it and it would be equally liable for the delays of an independent contractor as it would be if it had undertaken to do the work itself.

And so upon the trial plaintiff was permitted to give evidence over the defendant's objection and exception that defendant did undertake and agree by parole that the floor of the pier should be laid so that plaintiff could complete her work within thirty days.

We are of the opinion that this evidence was clearly incompetent. The conversations testified to were had before the written agreement was executed and the subject was made a part of that agreement. All prior negotiations and oral promises on the same subject were merged in the written contract and the rights and duties of the parties are to be determined by that instrument. It must be presumed to contain the whole engagement of the parties.

To bring a case within the rule admitting parole evidence to complete an entire agreement of which a writing is only a part, two things are essential: *First.* The writing must appear on inspection to be an incomplete contract; and *Second.* The parole evidence must be consistent with and not contradictory to the written instrument. (*Engelhorn* v. *Reitlinger*, 122 N. Y. 76; *Thomas* v. *Scutt*, 127 id. 133.)

This case does not fall within the rule, and the exception to the admission of the evidence was well taken.

This exception would not, however, be fatal to the judgment if the written agreement was susceptible of the conclusion reached by the referee in his findings.

But we do not think that it is and that the conclusion that

the defendant agreed " to lay the floor of the pier as fast as possible " cannot be sustained.

There is a clear distinction made in the contract between the iron work and the floor of the pier. There is a positive stipulation " to deliver all iron at the site of the pier," and it is a fair inference that this was to be done " as rapidly as the progress of the work required," as found by the referee.

But there is no positive agreement to lay the floor of the pier. The only reference to that work is as a condition to the performance of plaintiff's work within thirty days.

It may be assumed that the defendant desired the iron work to be done in thirty days and this plaintiff agreed to do provided or on condition that the floor was laid as fast as required for the erection of the iron.

It was essential to the performance of plaintiff's work that the laying of the floor of the pier should follow rapidly the driving of the piles as the pier extended into the ocean. But defendant did not obligate itself to do that work. Plaintiff knew that it had been made the subject of a separate contract with other parties and she was under no obligation to perform her contract within thirty days if the floor was not laid. Delay in the laying of the floor of the pier had, therefore, no other effect than to relieve her from her obligation to perform in thirty days.

It could not be made the basis of a claim for damages against the defendant.

So far, therefore, as the judgment proceeds upon any delay in laying the floor of the pier we think it is erroneous and must be reversed.

This conclusion renders unnecessary any consideration of the other questions argued as the exceptions upon which they rest may not arise upon a new trial.

The judgment should be reversed and a new trial granted with costs to abide the event.

All concur.

Judgment reversed.