## FREEDMAN v. LOOMIS.

(Common Pleas of New York City and County, General Term.  April 1, 1895.)

EVIDENCE—PAROL TO AFFECT WRITING.

Where defendant in an action by the receiver of a club to recover dues seeks to set off scrip which according to its terms was redeemable at a future day, he cannot testify to a parol agreement between himself and the officers of the club that the scrip was to be received in satisfaction for dues, whenever tendered.

Appeal from Seventh district court.

Action by Andrew Freedman, as receiver, etc., against Frank Loomis.  From a judgment in favor of defendant, rendered by a justice without a jury, plaintiff appeals.  Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

Howard S. Gans, for appellant.

Henry B. Dwyer, for respondent.

BISCHOFF, J.   In an action by the receiver of the Manhattan Athletic Club to recover the sum of $25, the amount of certain semiannual dues alleged to be owing to that institution from defendant, the cause of action was admitted; and the trial proceeded upon the issue raised by the answer, wherein a set-off was claimed upon certain evidences of indebtedness, in the form of scrip, issued by the club.   This scrip, according to its terms, was to be redeemed on the 1st day of January, 1898, unless the club should exercise an option to pay the same before that date, and this option was not shown to have been exercised.   It thus appears that the defendant's claim had not accrued prior to the plaintiff's appointment as receiver, and hence could not be allowed as a set-off in this action.   Fera v. Wickham, 135 N. Y. 230, 31 N. E. 1028. Defendant, however, was permitted to testify, over repeated objections and exceptions duly taken, to a parol agreement entered into with him by the officers of the club, whereby this scrip was to be received in satisfaction of indebtedness for dues and house account, when tendered.   For the error apparent in the admission of this evidence, the judgment must be reversed.   The certificates of indebtedness were, upon their face, complete, as an expression of the agreement entered into and the obligation assumed; and the testimony admitted was solely for the purpose of showing another and earlier agreement, inconsistent with that expressed, in altering the time and method of payment as provided.   The plaintiff was clearly entitled to its exclusion.   Willse v. Whitaker, 22 Hun, 242; Thompson v. Ketcham, 8 Johns. 146;  Van Allen v. Allen, 1 Hilt. 525; Store Service Co. v. Hartung (Com. Pl. N. Y.) 19 N. Y. Supp. 233; Thomas v. Scutt, 127 N. Y. 133, 27 N. E. 961;  Case v. Bridge Co., 134 N. Y. 81, 31 N. E. 254.   Judgment reversed, and new trial ordered, with costs to appellant, to abide event.