INTERSTATE STEAMBOAT COMPANY, Appellant, *v.* THE FIRST NATIONAL BANK of Syracuse and Others, Respondents.

*Effect, on appeal, of a failure to except below — title to articles to be manufactured — law of a foreign State not applied to a contract — oral agreement — when inadmissible to modify a written instrument.*

Where it appears upon an appeal from a judgment that the appellant upon the trial took no exceptions to the ruling of the court dismissing his complaint, and made no motion for a new trial, the appellate court is without power to review the decision of the trial court in such respect.

Ordinarily, title to an article to be manufactured does not vest in the vendee until it is finished and delivered, or ready for delivery, and approved by the party for whom it is to be constructed.

The law of another State will not be applied by the courts of the State of New York to a contract which is to be performed in the latter State.

Where, under a written instrument, the destruction of a vessel by fire or accident would not have relieved the construction company of its obligation to perform its contract to construct the same, and the loss would have fallen upon such company, an oral agreement, made prior to or at the time of the execution of the written agreement, is not admissible in evidence to modify its effect, although such oral agreement provided that the title to the vessel should be in the person ordering it, and that the destruction of the boat without the fault of the builder would relieve it, and the loss would fall on such other person.

APPEAL by the plaintiff, the Interstate Steamboat Company, from a judgment of the Supreme Court in favor of the defendants,

·entered in the office of the clerk of the county of Kings on the 31st of October, 1894, upon the decision of the court, rendered at the Kings County Circuit, dismissing the plaintiff's complaint upon the ·merits.

*H. G. Harris*, for the appellant.

*H. B. Closson*, for the respondents.

CULLEN, J. :

This is an appeal from a judgment in favor of the defendant ·entered upon a nonsuit at Circuit.

The Cowles Engineering Company entered into an agreement with the plaintiff for the construction of a steamboat to be delivered at Brooklyn. The boat was launched unfinished. There were in the yard of the Cowles Company two boilers, a steering wheel and ·some lumber intended to complete the construction of the steamboat, but not yet placed in her. The defendants were creditors of the Cowles Company and obtained attachments against that company. The sheriff levied on the articles named. The plaintiff brought this action to recover the property and the attaching creditors were substituted as defendants in place of the sheriff.

The plaintiff took no exception to the ruling of the court dismissing the complaint, and no motion was made for a new trial. We are hence without power to review the decision below in this respect. We may say, however, that we see nothing in the contract for the construction of this steamer to take the case out of the rule decided in *Andrews* v. *Durant* (11 N. Y. 35), that title does not vest ·in an article to be manufactured until finished and delivered, or ready for delivery and approved by the party for whom it is to be constructed. Nor can the law of Pennsylvania apply to this case, ·as the contract was to be performed in this State. (*Dyke* v. *Erie Ry. Co.*, 45 N. Y. 113; *Curtis* v. *D., L. & W. Co.*, 74 id. 116.)

The only point properly raised by exception is as to the exclusion ·of evidence to show an oral agreement between the parties prior to ·or at the time of the execution of the written agreement, by which title to the property was from the inception of the work to vest in ·the plaintiff. We think this evidence properly excluded. If admitted it would have altered and modified the effect of the written

agreement. By the written agreement under the law as we have construed it the destruction of the vessel by fire or accident would not have relieved the construction company from its obligation to perform the contract; the loss would have fallen upon it. Under the oral agreement that the title should be in the plaintiff the destruction of the boat without fault on the part of the builder would relieve it from such obligation and the loss fall on the plaintiff. The evidence was, therefore, incompetent. (*Engelhorn* v. *Reitlinger*, 122 N. Y. 76; *Case* v. *Phœnix Bridge Co.*, 134 id. 78.)

There is this further criticism to be made on the evidence excluded — it is doubtful whether the offer to prove went beyond the question of the title of the vessel itself. The articles in suit had not become any part of the vessel.

The judgment appealed from should be affirmed, with costs.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment affirmed, with costs.