## H. C. THOMAS v. WESTERN UNION TELEGRAPH COMPANY.

Decided February 27, 1901.

1.—Telegraph Company—Damages for Mental Suffering—Law of Place, Not of Forum, Governs.

Damages for mental suffering resulting from the nondelivery of a telegram sent from one point in Arkansas to another point in that State can not be recovered in a Texas court by reason of the mere residence of plaintiff in Texas, since mental distress is not recognized as an element of damage by the law of Arkansas, and the right of recovery is governed by the law of the place where the contract was made and the injury occurred, and not by the law of the forum.

2.—Same.

The rule is not changed by the fact that at the city of Texarkana, where the message was sent, and which city is about equally divided by the State line between Arkansas and Texas, the telegraph company has no office except on the Arkansas side, there being no statute requiring that the company have any office at that point on the Texas side.

3.—Same.

Nor does the fact that plaintiff, after the failure to deliver the telegram, with its consequent disappointment and mental distress, returned from Arkansas to Texas, and there continued to suffer much distress, alter the case so as to give him a right of action in Texas.

Appeal from Camp.  Tried below before Hon. J. M. Talbot.

T. E. Weber, Sheppard & Sheppard, and J. F. Jones, for appellant.

George H. Fearons and M. R. Geer, for appellee.

JAMES, CHIEF JUSTICE.—The action was brought in the District Court of Camp County, Texas, alleging negligence in failing to properly transmit and deliver a message dated August 11, 1899, delivered to defendant's agent at its office in Texarkana, in Arkansas, addressed to plaintiff at Hatfield, Ark., as follows: "Hattie is very low; come at once. C. C. Buckner." The petition alleges that the sum of 25 cents was paid defendant for said message, and alleged mental distress resulting to him from said negligence, laying the damages therefor at $2000.

The case went off on a plea in abatement to the jurisdiction of the court, upon the ground that damages for mental anguish in such cases can not be recovered under the laws of Arkansas, and that a demand for the sum of 25 cents was not within the jurisdiction of the court to try and determine. The court sustained the plea, and rendered judgment for defendant thereon.

The evidence taken shows these facts: That at the time of this transaction, Thomas resided in Texas, and had left home and was in Hatfield, Ark. When he left home he knew that his daughter Hattie, the wife of C. C. Buckner, was sick at Fort Lynn, Ark. The message was delayed in transmission and delivery, and he thereby lost the opportunity to reach his daughter before her death. It was in testimony

that C. C. Buckner had telephoned from Fort Lynn, Ark., to W. R. Lambeth, at Texarkan, Ark., who, from his store in Texarkana, Ark., telephoned to defendant's office in Texarkana, Ark. That defendant's agent declined to take the message by telephone, and requested him to come to the office, which he did, and the message was received and paid for. No conversation of any kind relative to the message was had. After the message was delivered to Thomas at 6:15 p. m., August 12th, he sat up all night and took the 5:40 passenger train on August 13; reached Texarkana about 10:40 a. m., and telephoned from Texarkana, Ark., to Fort Lynn, and ascertained that his daughter had died and was then being buried. That he suffered great disappointment and distress. It was shown that Texarkana has a population of about 20,000; that the State line about equally divides the city, that defendant had no office on the Texas side, but had its office on the Arkansas side, and that these conditions remain the same. It was proved that damages for mental distress alone are not a subject of recovery in Arkansas. That defendant company was chartered under the laws of New York, and had its domicile and principal office in New York city, where its president resides. That it was not chartered under the laws of Texas or Arkansas; that its wires connect and traverse all the States of the Union, and it does business in Texas and elsewhere. After experiencing disappointment and grief over this matter in Arkansas, plaintiff came back to Texas and continued to so suffer.

*Opinion.*—The contentions of appellant are: (1) That defendant is liable to be sued by appellant, and according to the rules governing in Texas, because at the time of his injuries and when this suit was brought he was and is a citizen of Texas, and defendant was and is a corporation doing business in Camp County, Texas, and had and has an agent in Pittsburg, Camp County, Texas. (2) That defendant is liable because the courts of Texas will not deny a citizen a right given him by the laws of Texas when the office of the defendant where the citizen lives is situated in the same city, but just across the state line in Arkansas, when he is compelled to go into said office to send the message. (3) That the suit is for damages arising from a breach of contract sounding in tort, and in such a case the laws of Texas will govern in the matter of damages. (4) That the mental anguish and disappointment were suffered in Texas, and therefore the redress should be made under the laws of Texas, although the wrong that caused them was committed in Arkansas. (5) That this was a transitory action and was cognizable by the courts of Texas, regardless of whether the cause of action is ex contractu or ex delicto.

All the facts connected with this transaction occurred in Arkansas, and the facts that are claimed to have the effect of making the case one determinable by the laws in force in Texas are that plaintiff was a citizen of Texas, and was only temporarly in Arkansas; that plaintiff, after learning of the death of his daughter in Arkansas, returned into Texas,

and his grief continued there; and the fact that defendant, under the circumstances, maintained its office for Texarkana and that neighborhood on the Arkansas side, and Texas citizens were compelled to go there to send messages.

We are of opinion that so long as the laws of this State do not require, under such conditions as exist at Texarkana, that defendant must have an office within this State, defendant had a perfect right to have and maintain the office on the Arkansas side, and until we have legislation on the subject, there is no ground for saying that this interferes with any public policy of this State.

The mere fact that plaintiff was and is a citizen of Texas can not be given the effect of drawing to the courts of this State the power to give redress for a matter which was not actionable or remediable in the foreign jurisdiction where it took place.

The cause of action, so far as it is for mental suffering, has the appearance of tort, in being injury to the person. The demand for the price of the telegram is strictly for breach of contract. Telegraph Co. v. Adams, 75 Texas, 537. The statute of limitations applicable to a demand based on mental suffering is that applied in cases of personal injuries. Kelly v. Telegraph Co., 17 Texas Civ. App., 344. Nevertheless, the cause of action is for damages growing out of a breach of contract. Telegraph Co. v. Coffin, 88 Texas, 96; Garland v. Telegraph Co., 76 N. W. Rep., 762.

We are of opinion, whether we view this case from the standpoint of a tort or a breach of contract, that plaintiff has no right of action here for damages sustained from mental anguish alone.

That the law of the forum will govern in matters pertaining to the remedy, is the statement of a familiar rule. By remedy in this connection is meant such matters as the character and form of action, the admissibility of evidence, procedure, the mode of redress, limitations, execution of judgments, and the like. The right acquired and the obligations created and all matters pertaining to the essence of the contract are determined by the lex loci contractus. The damages to be allowed, if fixed or limited by such law, pertain to the right and not to the remedy. This affects both the cause of action and the liability of defendants. This rule can not, for any reason that we can conceive, be different in cases of contracts and torts. Railway v. Dyke, 45 N. Y., 113; Consequa v. Wellings, 6 Fed. Cases, 336; Pritchard v. Norton, 106 U. S., 132; Burnett v. Railway, 34 Atl. Rep., 972; Curtis v. Railway 74 N. Y., 116; Railway v. Brown, 54 S. W. Rep., 867; Telegraph Co. v. Preston, 54 S. W. Rep., 650; Pullman Car Co. v. Lawrence, 22 So. Rep., 53; Walsh v. Railway, 36 N. E. Rep., 584; Railway v. Babcock, 154 U. S., 190. We regard the case of Railway v. Jackson, 89 Texas, 115, as strongly in favor of the doctrine that immunity from certain damages by the law of the place where the matter arose, is a substantial right.

The transaction in question took place wholly in Arkansas; and in accordance with the views above expressed the amount of recovery, or the

subjects in reference to which damages are to be allowed, will be governed by the law of that State. The testimony shows that damages for mental suffering alone can not be recovered there. The court did not err in sustaining the plea. Haddock v. Taylor, 74 Texas, 216; McFadin v. San Antonio, 22 Texas Civ. App., 140.

We further conclude that the fact that Thomas, after the failure to deliver the telegram in time to enable him to go immediately to his daughter, and after receiving the news of her death, all of which took place in Arkansas, 'where his disappointment and distress begun, came into Texas and continued there to suffer disappointment and distress, does not alter the case.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.