PROVOSTY, J.
Plaintiffs sue the defendant company for the death of. their father, who was run over by one of its fast passenger trains as he was attempting to cross the railroad track on a motorcycle at a crossing in the village of Welsh.
There was nothing to prevent him from seeing the train while he was approaching the crossing if only he had looked, but he did not look; and plaintiffs have to acknowledge that in thus going upon the track without looking he was guilty of negligence. They contend, however, that the engineer had the last clear chance to avoid the accident, by applying the emergency brakes, and should have done so.
The engineer says that he first saw the decedent when he was about 30 feet from the track and about 150 feet ahead, and that, thinking the man would have time to get across, he applied the brakes merely for a reduction of speed, not for an emergency stop. He adds that in so short a distance an emergency stop would hardly have made any appreciable difference. He admits, however, that it would have made some slight difference.
Such being the case, the defendant company owed the duty, we think, through him to attempt to make the stop in the interest of human life. The putting on of the brakes for a stop would have taken no more time and would have been as easy as for a'reduction of speed, and the man came near escaping as it was: only the hind part of the motorcycle was struck. The fractional part of a second would have sufficed. We suspect the rising grade of the road at the crossing checked the speed of the motorcycle.
[1, 2] While, however, the engineer took a chance which, we think, he had no right to take, his act in doing so was a mere error of judgment in a sudden emergency, exempt from even a suggestion of wantonness or recklessness, and therefore constitutes no graver negligence than the act of the decedent in thus going upon a railroad track without taking the precautions required by law in such a case. The question must therefore be whether this negligence of the engineer was the last, or proximate, negligence, and, as such, the sole legal cause of the accident; or whether the negligence of the decedent continued up to the moment of the accident so as to have been a contemporaneous, contributing cause. We think it so continued, and was a contributing cause.
[3] We think that a man in the full possession of his faculties who goes upon, and is upon, a railroad track, must be held to know that he is upon a railroad track, and he must be held to know that a train may be coming at any time; and he must be held to the necessity of using his senses for his safety, and cannot be allowed to absolve himself of negligence by pleading absent-mindedness.
This is the doctrine of the case of Harrison v. Railroad Co., 132 La. 762, 61 South. 782, and subsequent cases; and nothing contrary to it will be found in our jurisprudence. In Belle Alliance v. Texas & Pacific, 125 La. 778, 51 South. 846, 19 Ann. Cas. 1143, there was no question of last clear chance. The formulation in that case of the rule of contributory negligence, as applicable to accident at railroad crossings, was sufficiently accurate for the purposes of that case; but it is manifestly too broad and unqualified as *701 a test rule for last clear chance cases generally.
In the cases of Ingram v. La. & N. W. R. R. Co., 128 La. 934, 55 South. 580, and Jones v. Mackay Cable Co., 137 La. 121, 68 South. 379, there was no contributory negligence. The injured were lawfully on the track, and were doing all they could to get out of the way.
The case of Ross v. Sibley Ry. Co., 116 La. 790, 41 South. 93, was a very peculiar case; and the court so states. The train was a light log train barely moving, which the engineer could have stopped within . a few feet easily in time to have avoided the accident if he had the slightest consideration for the safety of the person he injured; so much so that this conduct was akin to wantonness.
In the case at bar, we have not discussed the question of the speed of the train, because, if we had found it to have been excessive, this would have had the effect simply of aggravating the negligence of the defendant company — not of absolving the decedent from contributory negligence — and our decision is rested on this contributory negligence. But we will say that, considering that the train had not yet reached the village limits for reduction of speed, we have not found that the speed was negligent.
Judgment affirmed.
See dissenting opinion of O’NIELL, J., 75 South. 650.