**JONES et al. v. LOUISIANA WESTERN RY. CO. (No. 338–3704.)\***

(Commission of Appeals of Texas, Section A. Oct. 4, 1922.)

**1. Death ⬦�ニ8—Right of action governed by law of place of injury.**

Under Vernon's Ann. Civ. St. Supp. 1918, Complete St. 1920, art. 7730½, as to right of action for wrongful death in another state, it is the cause of action given by the law of such other state that Texas courts are authorized to enforce, and the lex loci delictus must determine the nature of the cause of action and the available defenses.

**2. Appeal and error ⬦⟹1089(1)—Instruction not assigned as error in Court of Appeals and not questioned in Commission of Appeals held law of case.**

Where the accuracy of an instruction on law of contributory negligence in state where death accident occurred was not challenged by assignment of error in the Court of Appeals, and was not questioned in the Commission of Appeals, it must be considered as the law of the case.

---

⬦⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Rehearing denied November 15, 1922.

**3. Death ⚙➫8—Remedies governed by law of forum.**

Under Vernon's Ann. Civ. St. Supp. 1918, Complete St. 1920, art. 7730½, as to right of action for wrongful death in another state, the laws of Texas are applicable in determining what courts have jurisdiction of the cause of action; the rules of evidence as to burden of proof, weight of evidence, and whether an issue is one of law or fact; the respective functions of court and jury in the trial, and the nature and extent of review on appeal; so that in a case of death at crossing, whether deceased, in approaching the crossing, used ordinary care to discover the train approaching and protect himself, and whether before attempting to cross he stopped, looked and listened, and used ordinary care in so doing, is determinable by the rules of evidence and under the established procedure of Texas courts.

**4. Death ⚙➫58(1)—Presumed that deceased used ordinary care for his safety.**

The presumption, in the absence of affirmative evidence to the contrary, is that a deceased took ordinary precaution for his own safety.

**5. Negligence ⚙➫136(9)—Contributory negligence for jury.**

Contributory neligence is generally a question of fact and becomes a question of law to be decided by the court only when the facts are undisputed and admit of only one inference regarding the care of the party doing the act in question; and to authorize the court to take the question from the jury the evidence must be such that there is no room for ordinary minds to differ as to the conclusion to be drawn from it.

**6. Appeal and error ⚙➫1091(1)—Evidence considered in favor of judgment.**

In an action for death at railroad crossing, the jury had a right to consider the evidence most favorably to plaintiffs from the position of deceased just before and at the time of the collision, rejecting all evidence favorable to defendant, and on error to reversal by Court of Civil Appeals of judgment for plaintiffs, the Commission of Appeals must so consider the evidence.

**7. Railroads ⚙➫350(16)—Contributory negligence of motor truck driver held for jury.**

In action for death of motor truck driver at railroad crossing in Louisiana, whether deceased was guilty of contributory negligence *held* for the jury, it appearing that the train which struck him was going 50 miles an hour and was behind time and that deceased stopped his truck before crossing but that it took some time to start it and cross the track after stopping.

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by Mrs. Walter Jones and others against the Louisiana Western Railway Company. Judgment for plaintiffs was reversed and rendered by the Court of Civil Appeals (233 S. W. 363), and plaintiffs bring error. Judgment of the Court of Civil Appeals reversed, and judgment of the district court affirmed.

S. P. Jones, of Marshall, and Smith & Crawford, of Beaumont, for plaintiffs in error.

Baker, Botts, Parker & Garwood, and McMeans, Garrison & Pollard, all of Houston, for defendant in error.

GALLAGHER, J. Plaintiffs in error, the surviving wife, child, and mother, respectively, of Walter Jones, deceased, brought this suit against the defendant in error to recover damages for the death of deceased which they alleged was caused by the negligence of defendant in error.

The deceased was traveling in a motor delivery truck along the public road from Rayne westward to Crowley in the state of Louisiana. This truck had a top over the driver's seat, the sides of the top being solid so that the view of the driver to the side while sitting behind the steering wheel was obstructed. In order for him to see any great distance at a right angle from the course he was traveling he would have to get from behind such wheel and off the seat or put his head around in front of the side of the top.

The road left Rayne, according to a map in evidence, more than a half mile south of the railroad, and gradually approached the same until at a point about 3½ miles west of Rayne it reached the edge of the right of way about 100 feet south of the railroad track, where it turned and crossed the same at an angle of 64 degrees and then turned west again toward Crowley. Beginning about 50 feet south of the track the road rose to the crossing about 1 foot every 10 feet. The country from this crossing eastward to Rayne was open, cultivated land. A whistling post was located about 1,400 feet east of the crossing and at 2,900 feet east of the crossing the track began a 3-degree curve to the south; the change in direction being about 20 degrees in the aggregate. There was no obstruction to the east except a row of telephone posts about 42 feet from the track on the south. The deceased was familiar with the road and with the crossing. He was traveling about 8 or 10 miles an hour. At or near the row of telephone poles he stopped his truck. At this point, leaning forward without leaving the driver's seat, he could see a train approaching from the east at about 500 feet from the crossing. He could not see a train as far away as the whistling post without leaving the steering wheel. By getting off the seat and looking around the side of the top he could see a train before it reached the whistling post. At any point in the vicinity of the crossing a train could have been seen by a person standing in the road for a distance of 3,600

feet or more. There was testimony that it ought to take from three-fourths to 1½ minutes to start the truck and reach the track from the place where he stopped it. There was testimony that just as the engine and front wheels of the truck were on the track they were struck by a train coming from the east. Deceased was killed in this collision. The train which struck the truck was an especially fast passenger train, known as the "Sunset Limited." It was about an hour late, and was running at the rate of 50 miles an hour. The weather was dry, and the road was dusty. There was a good breeze, and the dust made by the truck was blown toward the track.

The jury, in response to special issues, found:

"(1) That the employés of the defendant, in approaching said crossing, did not blow the whistle of the locomotive for said crossing.

"(2) That the failure of the employés to blow the whistle was the direct and proximate cause of the death of Walter Jones.

"(3) That the employés of the defendant, in approaching said crossing, did not ring the bell of said locomotive for said crossing.

"(4) That the failure of the employés to ring the bell was the direct and proximate cause of the death of Walter Jones.

"(5) That the deceased, Walter Jones, as he approached and was in close proximity to the railroad track, stopped the automobile and looked and listened for the approach of a train.

"(6) That the said Walter Jones did not see or hear the train, nor could he, by the exercise of ordinary care, have seen or heard the train.

"(7) That the deceased, Walter Jones, used ordinary care in attempting to cross the railroad track to discover the approach of a train and to protect himself from injury from the same.

"(8) That the failure of the deceased, Walter Jones, to use ordinary care in attempting to cross the railroad track was not the direct and proximate cause of his death."

Damages were found by the jury in the sum of $21,000, $1,000 of which was apportioned to the mother, $6,000 to the widow, and $14,000 to the minor child of the deceased. Judgment was entered in accordance with the verdict.

The railway company appealed. The Court of Civil Appeals held the evidence sufficient to sustain all the findings of the jury upon the issues of negligence on the part of the railway company in the operation of the train, and that the amount of damages found by the jury were not so excessive as to authorize them to conclude that it was the result of passion, prejudice, or other improper motive. That court, however, held that deceased was, under the evidence, guilty of such contributory negligence as to preclude a recovery, and reversed the judgment of the trial court, and rendered judgment for the railway company. 233 S. W. 363. A writ of error was granted on application of the said

surviving wife, child, and mother of the deceased.

[1] It was admitted that the laws of Louisiana authorize a recovery of damages against railway companies for negligently killing persons substantially the same as the laws of Texas. The laws of the state of Louisiana were proved by depositions of practicing lawyers of that state, who qualified as capable of speaking concerning the same. It was shown by such depositions that under the practice in that state, the verdict of the jury is not binding on the Supreme Court on an issue of fact, and that that court, on appeal, ascertains the facts from the evidence for itself. Testimony introduced by defendant in error concerning the reciprocal rights and duties of railways and travelers at public crossings cited the cases of Callery v. Ry. & S. S. Co., 139 La. 763, 72 South. 222, Perrin v. Terminal Co., 140 La. 818, 74 South. 160, Foreman v. Railway, 140 La. 389, 73 South. 242, Barnett v. Railway Co., 141 La. 698, 75 South. 649, L. R. A. 1917E, 1124, and Harrison v. Railway, 132 La. 762, 61 South. 782, as correctly expressing the law on that subject. The published reports of these cases show that the Supreme Court in each case made its findings as a basis for disposition of the respective appeals without reference to any findings of fact by court or jury in the trial below, and apparently without distinction between findings of negligence or contributory negligence as a fact and findings of such issues as a matter of law. It is therefore apparent that there is a radical difference between the procedure in courts of that state and in the courts of this state in the trial of such cases and their consideration on appeal.

The deceased and plaintiffs in error were citizens of Louisiana at the time he was killed. The accident in which he lost his life happened in that state. Our statute provides that whenever the death of a citizen in another state has been caused by the wrongful act, neglect, or default of another in such state, for which death a right to maintain an action to recover damages is given by the law thereof, such right may be enforced in the courts of this state. Complete Texas Statutes 1920, art. 7730½. It is the cause of action given by the law of the state in which the negligent killing occurred that our courts are authorized to enforce. The law of the place where the cause of action arose, the lex loci delictus, must determine the nature of the cause of action, and the defenses, if any, available. The case asserted must stand or fall upon that law. 12 C. J. pp. 452–454; El Paso & N. W. Ry. Co. v. McComus, 36 Tex. Civ. App. 170, 81 S. W. 760, 761 (writ refused); Thomas v. Western Union Tel. Co., 25 Tex. Civ. App. 398, 61 S. W. 501, 502 (writ refused); M. N. Ry. Co. v. Jackson, 89 Tex. 107, 113, 33 S. W. 857, 31 L. R. A. 276, 59 Am. St. Rep. 28.

[2] It was the duty of the trial court to ascertain from the evidence the substantive law of the case in the state of Louisiana where it arose, and to give such law in charge to the jury. In the performance of this duty the court charged the jury on the subject of contributory negligence as follows:

"The law in the state of Louisiana, at the time of the death of Walter Jones, required that the said Walter Jones, in approaching the crossing in question, and in attempting to cross the track at that point, should use ordinary care to discover the approach of a train, and to protect himself from injury, and it was his duty to stop, look, and listen for the approach of a train before attempting to enter upon the track of the defendant, and to exercise ordinary care in doing so, and his failure to do so would be contributory negligence."

There was no assignment of error in the Court of Appeals challenging the accuracy of this statement of the law. Its accuracy is not questioned in this court, and we must therefore consider it the law of this case.

[3] Our statute further provides that in the trial of such cases as this the law of this state shall control in the prosecution and maintenance of the action in all matters pertaining to the procedure. Complete Tex. Stats. 1920, art. 7730½. Our statute in this respect is in accord with what is declared to be the universal rule that the forms of remedies and the modes of pursuing them are to be regulated by the law of the place, the lex fori where the action is instituted. 12 C. J. pp. 447, 483, 484; 5 R. C. L. pp. 917, 918; Campbell v. Wilson, 6 Tex. 379, 390; Thomas v. Western Union Telegraph Co., 25 Tex. Civ. App. 398, 61 S. W. 501, 502 (writ refused); 4 Michie, Tex. Civ. Dig. p. 260, and cases there cited.

The laws of this state must be applied in determining what courts have jurisdiction of this case; the rules of evidence with reference to the burden of proof, the weight of the evidence, and whether a particular issue is one of law or fact; the respective functions of court and jury in the trial thereof, and the nature and extent of review on appeal. 12 C. J. pp. 484–486; 5 R. C. L. pp. 1042–1044, § 134, and page 1045, § 136; Pritchard v. Norton, 106 U. S. 124, 129–136, 1 Sup. Ct. 102, 27 L. Ed. 104; Yates v. Thomason, 3 Cl. & F. 544, 586, 587, 6 Reprint, 1541, 1557; Bain v. Whitehaven, etc., Ry. Co., 3 H. L. Cases, 1, 19; 10 Reprint, 1, 19; Thomas v. Western Union Tel. Co., 25 Tex. Civ. App. 398, 61 S. W. 501, 502 (writ refused); Helton v. Railway, 97 Ala. 275, 280, 287, 12 South. 276; Railway Co. v. Mitchell, 92 Ga. 77, 80, 18 S. E. 290; Jones v. Railway, 80 Minn. 488, 83 N. W. 446, 49 L. R. A. 640–642, Life Ins. Co. v. Pollard, 94 Va. 146, 26 S. E. 421, 36 L. R. A. 271, 273, 64 Am. St. Rep. 715; Life Ass'n v. Robinson, 104 Ga. 256, 30 S. E. 918, 42 L. R. A. 261, 274.

The issues of whether deceased, Walter Jones, in approaching said crossing and in attempting to cross the track used ordinary care to discover the approach of the train and protect himself from injury, and whether, before attempting to enter on the railroad track he stopped, looked, and listened and exercised ordinary care in doing so, are to be determined according to the rules of evidence and under the established procedure in our courts.

[4] The presumption in the absence of affirmative evidence to the contrary is that the deceased took ordinary precaution for his own safety. Lee v. Railway, 89 Tex. 583, 588, 36 S. W. 63; Hines v. Richardson (Tex. Civ. App.) 232 S. W. 889, 891 (writ refused).

[5, 6] Contributory negligence is generally a question of fact, and becomes a question of law to be decided by the court only when the facts are undisputed and admit of only one inference regarding the care of the party doing the act in question; and to authorize the court to take the question from the jury the evidence must be such that there is no room for ordinary minds to differ as to the conclusion to be drawn from it. Lee v. Railway, 89 Tex. 583, 588, 36 S. W. 63. The jury had a right to consider the evidence most favorably to the plaintiffs from the position of the deceased just before and at the time of the collision, rejecting all evidence favorable to the defendant, and this court must so consider the evidence. Kirksey v. So. Traction Co., 110 Tex. 190, 191, 217 S. W. 139.

[7] The testimony in this case shows that the deceased stopped his car at a place which the jury had a right to find was reasonably suitable and effective for the purpose of looking and listening for a train. It is the peculiar province of a jury, under our system of jurisprudence, to determine what constitutes ordinary care under a particular situation, or combination of circumstances. The jury in this case had a right to infer that the deceased, when he stopped, did look and listen with such care as an ordinary person would have exercised under the circumstances, and that he did not discover the fast approaching train. It is not necessary to discuss all the reasons why the evidence in this case raised an issue for the jury. One will suffice. The train which killed the deceased was an unusually fast train. Had it not been late it would have passed the crossing an hour before the deceased reached it. We do not think the facts are sufficient to raise an issue as to whether he knew this particular train was late on this particular day, much less to conclusively charge him with such knowledge. There is testimony that it would take approximately 1½ minutes to start the truck and reach and cross the track. At the rate of 50 miles per hour, the schedule speed of this train, it would run 6,600 feet, or a mile and approximately one-

third during that time. In other words, the jury were authorized to find that the train was 1⅛ miles away at the time the deceased began to start his truck to pass over the crossing. Whether he could have seen the train at that distance, considering the row of telephone poles and the curve in the track, or whether in the exercise of ordinary care he ought to have discovered it at that distance, were questions for the jury. It is presumed that the deceased continued in the exercise of ordinary care. Whether he looked again toward the east in the short minute and a half between the time he started his truck and the time it was struck by the train, how far he looked, or whether an ordinarily prudent person would have looked again, or how far such person would have looked, were likewise questions for the jury. Whether he, in the exercise of ordinary care under all the circumstances in evidence, should have discovered the train in time to again stop his truck before it entered upon the track was also a question for the jury. It is true this theory is based on estimates, but such estimates were in evidence, and the jury had the right to accept and consider them. They had all the facts before them, and the law to be applied thereto was clearly and correctly given them in charge by the court. The verdict of the jury on this issue is binding on the appellate courts, and the Court of Civil Appeals erred in setting it aside. Hines v. Richardson, supra; Lee v. Railway, supra: Kirksey v. Southern Traction Co., supra; Harrell v. Railway (Tex. Com. App.) 222 S. W. 221, 223; Boyd v. Railway, 101 Tex. 411, 415, 416, 108 S. W. 813.

The other assignments of error presented in the Court of Civil Appeals by defendant in error in so far as they raised issues of fact were overruled by that court, and its decision thereon is final. We have examined all the assignments presented by defendant in error in that court which raise issues of law, and we are of the opinion that none of them present any legal ground for reversing the judgment of the trial court.

The Court of Civil Appeals reversed the judgment of the trial court in favor of plaintiffs in error on a question of law, and rendered judgment against them, but made no finding of fact that would defeat a recovery by them, and did not find against any fact essential to a recovery. We, therefore, recommend that the judgment of the Court of Civil Appeals be reversed and the judgment of the district court affirmed, with costs of all the courts. Beck v. Texas Co., 105 Tex. 303, 312, 148 S. W. 295.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.