THE STATE v. JOSIAH DYCHES ET AL.

28  535
39a 493

Under the 11th section of the 5th article of the State constitution, and the 809th article of the Code of Criminal Procedure, the governor has the power to remit a judgment of forfeiture against the sureties of a party bailed under indictment, and this notwithstanding the accused principal has not been convicted of the offense for which he was indicted. (Paschal's Dig., p. 50, sec. 11, Art. 3275.)

This power of the governor arises when final judgment is rendered on the

recognizance or bail bond, and such final judgment may properly be considered as the "conviction" mentioned in the article of the code above referred to, upon which the power to remit was conferred on the governor.

The law only contemplates that before the governor shall exercise the power to remit fines and forfeitures there shall be an adjudication of the forfeiture, and not that there must be a conviction on the indictment against the accused.

The governor having remitted the principal sum, but not the costs, of a forfeiture adjudged against the sureties of a party bailed under indictment, the attorneys representing the State and county moved the court below to re-tax the costs against the sureties, so as to include the commissions of the attorneys for the collection of the forfeiture. In support of their motion, they insist that the governor could not remit the forfeiture after judgment, so as to deprive them of their lawful percentage for its collection; that their right to such commissions was a vested right, and that their duties were finally discharged when the execution upon the judgment was placed in the hands of the sheriff; but the court holds that these positions are not maintainable, and that the court below did not err in overruling the motion.

The attorney general and district attorneys, by accepting their offices, agreed to discharge their duties for the salaries and fees provided by law, and with the implied agreement that their right to commissions for collecting forfeitures was in subordination to the power of the governor to remit the forfeitures, and with the forfeitures to extinguish all claim of the attorneys to such commisions.

Costs are the expenses of a suit or action which may be recovered by law from the losing party.

Commissions on adjudged forfeitures become due to the attorneys representing the State only when the money is collected, and they are to be taken out of the money collected. They are not "costs," and cannot be taxed as such.

If the money be not collected, no right to such commissions accrues to the attorneys; and this, notwithstanding that their failure to collect it is attributable solely to the action of the governor remitting the forfeiture.

APPEAL from Williamson. The case was tried before Hon. EDWARD H. VONTRESS, one of the district judges.

The appellees were the sureties of one James C. Eaves, on his bail bond for the sum of $1,800. Eaves failing to appear, judgment final was obtained against his sureties for the amount of the bail bond and for costs. Governor Houston, however, remitted the judgment, except as to the costs. No commissions for the attorneys representing the

State and county were included in the execution issued for the costs, and the present proceeding was a motion on behalf of those officials to re-tax the costs, so as to obtain execution against the appellees for the commissions claimed, which amounted to $270. The court below overruled the motion, and hence this appeal.

*George Flournoy, Attorney General,* for the appellant.— There is a contract between the State and its officers, that they shall recover five per cent. for a particular service, and it would be in disregard of every rule of equity to determine that when the whole service had been performed, except the mere reception of the money, that it could be taken from them under the general power to remit fines and forfeitures. It is not contended but that the governor could have done this, provided no appropriation of the five per cent. had been made to the officers for their services. But it is contended that the legislature has the right, consistently with the executive prerogative of remitting fines and forfeitures, to provide that a certain portion of such fines shall be paid to the officers for their faithful action in the premises, and that to the amount thus set apart the power of remission does not apply. In other words, that the governor can only remit what the State itself, or the country, may be entitled to; for this is in fact, as to them, such fine and forfeiture.

The State has provided that its officers shall be paid a certain amount and in a particular manner for a specific service. It is unreasonable to imagine that the mere reception of the amount recovered constitutes the service. The governor does not pretend to remit the costs. This he could not have done. (State v. McBlennis, 21 Miss., 272.)

The right of the clerk to his costs, and the witnesses to their fees, &c., is no more than that of other officers to their percentage. The collection of a forfeiture consists not only in receiving the money from the sheriff or the de-

fendant in execution, but chiefly in taking the necessary steps to procure the execution.

The State is entitled to the forfeiture when the execution issues, or even when the act or omission upon which it (the forfeiture) is obtained, occurred; but it has no vested right in the amount forfeited until it is in the hands of its officers.

The right of the executive to remit only accrues when the amount of the forfeiture has actually vested, and if he had only delayed until such time there could be no question in the case, for the amount of the percentage would have then already been paid to the parties entitled.

The governor's act, before the amount of the forfeiture is received, and while there is a mere claim against the defendant in execution, must be construed to have the identical effect as though he had delayed until the amount remitted had vested in the State.

But suppose we have been mistaken in the above views, yet the governor has not the right to remit the forfeiture which he undertook to remit. Sec. 11, art. V, of our State constitution, (O. & W. Dig., 21,) provides that the governor, "under such rules as the legislature may prescribe, shall have power to remit fines and forfeitures." Art. 809 of the Code of Criminal Procedure says, that the governor shall exercise that power "after conviction." The use of the term "after conviction" excludes the idea that it was intended that he should do so at any time before conviction.

It is not necessary to inquire into the good or bad policy of such an enactment, nor is it necessary to resort to any rule of construction to determine what the legislature has enacted. The language, "after conviction," is plain, unequivocal, and without modification.

Nor is it important to inquire whether the appellant should affirmatively show that the party for whose appearance the forfeited bond had been given had never been

tried or convicted, or whether the act of remission should itself set forth that fact; because it does appear from the statements of the document setting forth the remission of the forfeiture that there had been no conviction.

I am aware that the view above taken of the power of the executive under the statute is at war with the generally received notion, and it probably may not have been the purpose of the legislature so to restrict it; yet we may only look to the law itself, when it is plain and unambiguous.

If the constitutional restriction to the exercise of the power is under such rules as the legislature should provide, it is impossible to say what particular restrictions they may not throw around such power, unless, indeed, it appear that the purpose is at war with the very nature of the power itself.

I cannot see that such a purpose appears in the action of the legislature. They could doubtless have provided that the "governor shall have power to remit fines and forfeitures before conviction," (or rather forfeitures alone, since a fine could not be imposed before conviction.)

In providing, however, that it should be done only "after conviction," they have merely exercised a legislative discretion, which cannot be regarded otherwise than constitutional, provided it was contemplated by the constitution that the legislature should have the power to restrict the power in any way whatever.

"After conviction" is the "rule" they have declared shall control the exercise of the power.

*M. H. Bowers* and *Thomas P. Hughes,* for the appellees.

DONLEY, J.—By the 11th section of the Vth article of the constitution of this State, it is provided, that "in all criminal cases, except in those of treason and impeachment, the governor shall have power after conviction to grant

reprieves and pardons; and, under such rules as the legislature may prescribe, he shall have power to remit fines and forfeitures."

The legislature have provided, that "after conviction the governor of the State shall have power, without restriction, to remit fines and forfeitures of a pecuniary character; but he shall report to the legislature all cases in which he has remitted such penalties, with his reasons for the same." (O. & W. Dig., Code of Crim. Pro., Art. 809.)

It is contended by the attorney general that the governor did not have the right to remit the forfeiture which he undertook to remit; that the constitution provides that the governor, under such rules as the legislature may prescribe, shall have power to remit fines and forfeitures, and that the power is to be exercised after conviction.

The power to remit fines and forfeitures after conviction is given in express terms, and it is in this case unnecessary to inquire as to the power of the governor to "grant reprives and pardons," and "to remit fines and forfeitures" before conviction. It cannot apply to the sureties on a bond or recognizance if the principal have escaped and cannot be recaptured, or if he should die after final judgment has been entered against him and the sureties on his bond or recognizance. The conviction for the offense becomes an impossibility, and if the position assumed is correct, that the executive has no power to remit a forfeiture on a recognizance or bond until the principal in the bond or recognizance be convicted of the offense with which he is charged in the indictment, in case of the death of the principal after a judgment has been entered against his sureties on the bond or recognizance, then the death of the principal after the rendition of judgment against his sureties would deprive the executive of power to remit the forfeiture.

This reasoning cannot be adopted. The power of the executive to act under the law clearly arises when there

is a final judgment against the sureties on the bond or recognizance in the court of the last resort. The judgment on the bond may properly be held as the conviction mentioned in the 809th article of the Code, upon which the power is expressly given to the governor to remit fines and forfeitures. As we have said, it is unnecessary here to determine whether the governor had such power, without the express grant of it contained in the constitution and the law which we have cited, and whether it might be exercised by him before conviction.

It is further contended by the appellant, that the governor cannot remit the forfeiture after judgment, so as to deprive the attorneys of the commissions to which they would have been entitled if there had been no *remittitur* by the governor; that the right of the attorneys to the percentage is a vested right; that their duties were discharged when the execution for the amount of the recovery was placed in the hands of the sheriff; that there remained no other labor to be performed by them. The right of the attorneys to the fees for collecting the money did not attach on placing the execution in the hands of the sheriff. The defendants may have had no property liable to execution, and it may have been impossible to collect any part of the judgment. A levy might have been made on property claimed by a stranger to the execution, which might involve a trial of the right of property.

It is believed that the law only contemplated that there should be an adjudication upon the matters in controversy about which relief might be sought, and did not contemplate that there should be a trial of the defendant on the indictment before the executive could remit the judgment of forfeiture that may have been rendered against the sureties.

The words of the law are, that "after conviction the governor shall have power without restriction to remit," &c. If the conviction must be held to refer to the convic-

tion of the alleged offender on the indictment, to authorize the governor to remit a judgment of forfeiture on a recognizance or bail bond, the inconsistency is presented, that, if the defendant is convicted of the offense of which he is charged, the governor may pardon the offense or remit the forfeiture which may have been entered upon the bond or recognizance, but if the defendant be acquitted on the trial of the indictment, the governor has no power to remit the judgment which may have been entered upon the bond or recognizance. It is believed that the law cannot be so held.

The motion in this case, it is believed, is based upon a misapprehension of the rights of the parties. The clerk had no right to tax, as part of the cost in this cause, the amount of the commissions which might become due to the attorneys representing the State, on receipt of the money for which judgment had been rendered in behalf of the State. The commissions which might become due to the officers on collecting the judgments are not costs to be taxed against the defendants.

Costs are "the expenses of a suit or action which may be recovered by law from the losing party." (1 Bouvier's Law Dic., 231.) Costs which are incurred in prosecuting an action are usually adjudged against the losing party, in addition to the principal sum which may be adjudged against him. Commissions in this case, which might have become due to the attorneys if the money had been collected, should have been taken from the money so collected, and we have said the commissions did not become due until the money was received.

It must be held, that the district attorney and attorney general accepted their offices, and agreed to discharge the duties thereof, for such salary and fees as were provided by law, and with the implied agreement that the right to fees for collecting money for the State on a forfeited bond or recognizance was in subordination to the right of the

governor to remit the forfeiture, and with it all their claim to commissions for attempting to collect the money.

In Conner v. The Mayor of New York (1 Selden, 296,) it is said: "The prospective salary or other emoluments of a public officer are not the property of the officer; they are not property at all; they are like daily wages unearned, and which may never be earned. The incumbent may die or resign, and his place be filled, and the wages earned by another. The right to compensation grows out of the rendition of the services, and not out of any contract between the government and the officer that the services shall be rendered by him."

We have said in this case that the right to the commissions accrues only upon the collection of the money, and, the money not having been collected, no right to fees or commissions has accrued to the officers representing the State in obtaining the judgment.

There is no error in this judgment, and it is

AFFIRMED.