[S. F. No. 1375.   Department One.—December 19, 1898.]

HIBERNIA SAVINGS AND LOAN SOCIETY, Respondent,
v. R. S. THORNTON, Executor, etc., Appellant.

MORTGAGE—ACTION UPON NOTE.—An action cannot be maintained upon
a promissory note secured by a mortgage, to obtain a general
money judgment upon the note, independent of an action to foreclose the mortgage.

ID.—ANSWER—PLEA OF MORTGAGES—FORECLOSURE NOT AIDED—DE
FENSE TO ACTION.—An answer in an action upon a note, setting up
that the note was given in renewal of former notes given by the
defendant for purchases of real estate from the plaintiff, for
which several and respective mortgages were given, without
describing any mortgaged premises, or averring that any particular mortgage secured the note sued upon, does not aid the
complaint on the note, or authorize the foreclosure of any
mortgage by the plaintiff; but sets up facts which negative the
right of the plaintiff to maintain the action.

ID.—PROOF OF MORTGAGE—IMPROPER JUDGMENT.—In the action upon
the notes, the plaintiff cannot be allowed to prove one of the
mortgages referred to in the answer, and claim a foreclosure
thereof; and a judgment awarding such foreclosure must be
reversed.

PLEADING—AIDER OF COMPLAINT BY ANSWER—CAUSE OF ACTION.—The
rule that a defective complaint may be aided by the answer,
is confined to the case where the answer affirmatively alleges
the very fact that is missing from the complaint to make it sufficient; an insufficient complaint cannot be aided by an averment
in the answer, which, if alleged in the complaint, would not
state a cause of action.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

B. B. Newman, for Appellant.

Tobin & Tobin, for Respondent.

HARRISON, J.—Upon a former appeal in this case (*Hibernia etc. Soc. v. Thornton,* 109 Cal. 427; 50 Am. St. Rep. 52), a
judgment in favor of the plaintiff for the amount of the promissory note sued on was reversed. After this reversal the cause was
again tried upon the issues presented by the original pleadings

and a supplemental answer setting forth the death of the former defendant, and the appointment of the appellant as his executor; and the court rendered judgment in favor of the plaintiff for the foreclosure of a mortgage, and directing a sale of the property therein described, from which the defendant has appealed. By the complaint herein the plaintiff seeks merely to recover the amount of the promissory note set forth therein, and the appellant contends that a judgment of foreclosure was not authorized.

The rule is firmly established in this state that an action cannot be maintained upon a promissory note secured by a mortgage, independent of an action to foreclose the mortgage. The respondent does not dispute this proposition, but seeks to uphold the judgment by reason of certain averments in the answer. It is alleged in the answer that the note sued upon was given in renewal of former notes executed by Elizabeth O'Neill to the plaintiff in transactions relating to the purchases of real estate by her for her own account, and "that for the purpose of securing the payment of said several promissory notes the said Elizabeth O'Neill made, executed, and acknowledged, and delivered to the plaintiff, its officers, agents, attorneys, and servants, her several and respective indentures of mortgage upon her said separate real estate so acquired and owned by her." It is contended by the respondent that by this averment the defendant has supplied the defect in the complaint which was requisite to entitle the plaintiff to recover, and has thereby authorized a judgment in foreclosure as fully as though such judgment had been originally sought by the plaintiff, citing in support thereof *Cohen v. Knox*, 90 Cal. 266; *Shively v. Semi-Tropic L. & W. Co.*, 99 Cal. 259, and other cases.

The rule invoked by the respondent does not, however, have any application to the present case. The allegation in the answer is not of a fact which supplies the omission of the plaintiff to aver such fact in the complaint, or which helps out a defective allegation in the complaint, but is of a fact which negatives the plaintiff's right to maintain the action set forth in its complaint. The plaintiff seeks by the complaint herein to recover a general money judgment upon a promissory note, and not to subject any particular property to sale therefor. No par-

ticular property is described in either the complaint or the answer, nor does the answer aver that any particular mortgage was executed as security for the note set forth in the complaint, and it does aver that the mortgages which it alleges were executed by Elizabeth O'Neill were upon "her separate real estate." The finding of the court that she left no separate estate at her death is not inconsistent with the fact that she executed mortgages upon her separate estate. The answer, moreover, avers that the mortgages therein referred to were made by Elizabeth, while the court finds that the mortgage which it orders to be foreclosed was made by Charles and Elizabeth. Mr. Pomeroy says (Pomeroy's Code Remedies, sec. 579): "This rule should properly be confined to the case where the answer affirmatively alleges the very fact that is missing from the complaint." The allegation in the answer can have no greater effect than if the same allegation were placed in the complaint, and it is very evident that, if the complaint had alleged the fact as it is averred in the answer herein, a judgment thereon foreclosing a mortgage upon the property described in the decree could not be sustained. The court therefore erred in receiving in evidence the mortgage when it was offered by the plaintiff, and in rendering judgment for its foreclosure.

The case of *Harden v. Ware*, 5 Pac. Coast L. J. 317, cited by the respondent, cannot be regarded as an authority for the proposition contended for by the respondent, since, after the opinion there given was filed, a rehearing in the cause was granted, and subsequently, without any further action by this court, the appeal was dismissed upon the stipulation of the parties.

The judgment is reversed.

Garoutte, J., and Van Fleet, J., concurred.