## LINDSAY v. COLLINGS. (No. 502.) *

(Court of Civil Appeals of Texas. El Paso. Jan. 13, 1916. Rehearing Denied Feb. 10, 1916. On Motion to Certify, Feb. 10, 1916.)

1. MORTGAGES ⬥⇒560 — ACTION ON SECURED DEBT—LAW GOVERNING.

A California note secured by mortgage on real estate there is governed by Code Civ. Proc. Cal. § 726, providing that there can be but one action on a debt so secured, an action of foreclosure with ascertainment of any deficiency, so that, such action having been brought, and nothing realized, because of a prior mortgage, though the mortgagor was not a resident of that state so that a personal judgment could be obtained against him, action cannot thereafter be maintained on the note in Texas.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1604; Dec. Dig. ⬥⇒560.]

Higgins, J., dissenting.

### On Motion to Certify.

2. COURTS ⬥⇒247—JURISDICTION—CERTIFIED QUESTION.

Rev. St. 1911, arts. 1521, 1522, as amended by Acts 33d Leg. c. 55, providing that causes in which the judges of the Court of Civil Appeals may disagree on a question may be carried to the Supreme Court by certificate, do not apply to a case originating in the county court; article 1591 making final judgment of the Court of Appeals therein.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 751, 754; Dec. Dig. ⬥⇒247.]

Appeal from Reeves County Court; Ben Randals, Judge.

Action by A. Y. Lindsay against E. L. Collings. Judgment for defendant, and plaintiff appeals. Affirmed, and motion to certify overruled.

Buck & Fleming, of Pecos, for appellant. J. W. Parker, of Pecos, for appellee.

WALTHALL, J. This suit was brought in the county court at law of Reeves county, Tex., by appellant, A. Y. Lindsay, a resident of the state of California, against appellee, E. L. Collings, a resident of the state of Texas, and is an action to recover upon a promissory note, executed, delivered, and made payable in California, in the sum of $500, interest and attorney's fees. Appellee admitted the following facts pleaded by appellant: The execution and delivery of the note payable to appellant in California; the execution and delivery to appellant of a certain mortgage on certain real estate in California, described in the petition, given to secure said note, and all of the terms and provisions of said mortgage as pleaded (copying the note there sued on in the body of the mortgage); that the said mortgage was a subsequent and second lien on said property and subject to a certain note for $1,500 signed by appellant and payable to Lula Mae Taylor, and that appellant took said second mortgage lien to secure the payment of the $500 note sued on; that thereafter Lula Mae Taylor brought suit in California against appellant, appellee, and others to foreclose the first mortgage lien on said property; that in said foreclosure suit appellant entered his appearance and filed a cross-action against appellee and others named, for the purpose of foreclosing his said second mortgage lien on said property and paying said $500 note, interest, and attorney's fees; that appellant was cited to appear and answer said suit and cross-action, but made no answer; that the said property was sold under order of the California court in said suit, but for an amount insufficient to pay any part of said $500 note; that no part of said $500 has ever been paid; that at the time of bringing said California suit appellant was a resident of Texas, and no personal judgment was had on him in said suit; that appellant has employed attorneys to bring this suit, and has contracted to pay a fee of $75, which is a reasonable fee. Further answering, appellee denied that the Lula Mae Taylor $1,500 note had not been paid; alleged that the $500 here sued on and the said second mortgage lien were executed and delivered in California and made payable to appellant in California, and that the entire transaction was one and was entered into in said state, and that appellant sued appellee upon said note and trust or mortgage lien in California, and in said suit obtained a decree of foreclosure of said second mortgage lien on said property. Appellee further pleaded section 726 of the Code of Civil Procedure of California, which is in part as follows:

"726. There can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real or personal property, which action must be in accordance with the provisions of this chapter. In such action the court may, by its judgment, direct the sale of the incumbered property (or so much thereof as may be necessary), and the application of the proceeds of the sale to the payment of the costs of court, and the expenses of the sale, and the amount due plaintiff, including, where the mortgage provides for the payment of attorney's fees, such sum for such fees as the court shall find reasonable, not exceeding the amount named in the mortgage."

Appellee further pleaded the interpretation given said section 726 by the Supreme Court of that state, and introduced in evidence the following opinion in Meyer v. Weber, 133 Cal. 682, 65 Pac. 1111:

"The Woodbridge Canal & Irrigation Company, a corporation, being indebted to the plaintiff in the sum of $3,280, on July 28, 1894, executed to the plaintiff its promissory note for that amount, and, to secure the same, at the same time executed its mortgage upon a tract of land in San Joaquin county, and also at the same time, as further security, indorsed and assigned to the plaintiff the note and mortgage in suit. The note reads as follows:

" '$1,963.66.　　Woodbridge, Cal., May 28, 1894.

" 'Ten years after date we promise to pay to the Woodbridge Canal & Irrigation Company, or order, the sum of nineteen hundred sixty-three and $66/100$ dollars, payable only in gold coin of the government of the United States, for value received, with interest thereon, in like gold coin, at the rate of 6 per cent. per annum from date until paid. Interest payable annually, on the 1st day of September, of each year, and in de-

fault of payment at said times the same to be then added to the principal and form a part thereof, bearing interest at the same rate.

"This note is secured by a mortgage of even date herewith.     Helen Weber.
                                    " 'C. M. Weber.
                                    " 'Julia H. Weber.' "

"Although the note is dated May 28th, it was not delivered until June 15th, at which time the mortgage to secure the same, and referred to in the note, was executed and delivered to the said corporation, the Woodbridge Canal & Irrigation Company. The plaintiff subsequently brought an action to foreclose the mortgage executed to her by the Woodbridge Canal & Irrigation Company, and such proceedings were therein had that a decree of foreclosure and sale was rendered, and thereupon the property mortgaged sold and applied on the judgment, leaving a deficiency of $2,639.49. Thereupon plaintiff brought the present action to foreclose the mortgage assigned to her.

"The defense is that the consideration for the note and mortgage was an agreement in writing entered into between the makers and the payee, the Woodbridge Canal & Irrigation Company, that said company should construct a ditch from the main canal, or branch thereof, to the line of the land of the Webers, being the same described in the mortgage, of sufficient size and election to allow the irrigation of said land; and flow the water to said land for the purposes of irrigation, and that said company never at any time constructed a ditch or branch canal to the land for which the water was to have been furnished, and that no water has at any time been brought to the said land; that said Woodbridge Canal & Irrigation Company became insolvent on or about October 5, 1895, and was thereafter deprived of the possession of all of its works, canals, and property, by reason whereof the said company was, and ever since has been, rendered incapable of performing its contract with said defendants Weber, and that in consequence the consideration of said note and mortgage has totally failed.

"The court finds the facts as set up in the answer of defendants Weber, that the note and mortgage in suit were made and delivered to said company in pursuance of the terms and conditions of said agreement; that the company never at any time constructed a ditch or branch of any size to the land in question, and no water has at any time since the making of said agreement been brought to said land by said company; and that the consideration of said note and mortgage has failed. Upon the findings of fact the court entered judgment in favor of said defendants.

"The appeal is on the judgment roll, and the only question presented is whether the instrument in suit is a negotiable promissory note, within the meaning of the Civil Code. The appellant contends that it is, and that it must be considered separate from and independent of the mortgage given to secure the same; that the clause 'this note is secured by mortgage of even date herewith' may be disregarded, as forming no part of the obligation to pay as specified in the note. But the mortgage was delivered at the same time as the note, relates to the same subject-matter, and they form, substantially, one transaction. They must therefore be taken and considered together. Civ. Code, § 1624. The plaintiff recognizes this to be so from the very fact of bringing the action. By the note on its face it had ten years to run, and the only consequence of the failure to pay the interest annually was that it should be 'added to the principal, and form a part thereof, bearing interest at the same rate.' But by the mortgage given to secure the note it is provided, in case default be made in the payment of 'any installment of interest, as provided in said note, then the whole sum of principal and interest shall be due, at the option of the said party of the second part, its

successors or assigns; and suit may be immediately brought, * * * although the time for payment of said principal sum may not have expired;' and it is provided that costs and charges may be included in the decree of foreclosure, 'including reasonable counsel fees.' Counting upon the terms of the mortgage, and not of the note, as distinguished therefrom, the plaintiff alleges a failure to pay the interest, and an election to consider the whole amount due, and further alleges the employment of an attorney to secure its foreclosure, and asks for a reasonable sum to be fixed as his fee. In Phelps v. Mayers, 126 Cal. 549 [58 Pac. 1048], the defense was that the suit was prematurely brought, on the ground that the note in suit did not provide that the principal debt should be due on default in payment of interest, and that hence a foreclosure for both principal and interest was unwarranted. That contention is answered as follows by this court: 'The note and mortgage, however, must be construed together. Interest on the note is payable semiannually, and the mortgage is clear that upon default in the payment of the interest equally with default in the payment of the principal the mortgagee may cause the premises to be sold, and retain from the proceeds "the said principal and interest." There is scarcely room for interpretation in these provisions.' See, also, Nagle v. Macy, 9 Cal. 426; Hyde v. Mangan, 88 Cal. 320 [26 Pac. 180]. An independent action on a promissory note secured by mortgage is prohibited in this state. 'There can be but one action for the recovery of any debt or the enforcement of any right secured by mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter' (Code Civ. Proc. § 726); that is, by a suit to foreclose, and a sale of the mortgaged premises, and ascertainment of the deficiency, if there be any (Toby v. Oregon Pacific R. R. Co., 98 Cal. 494 [33 Pac. 550]; Hibernia Savings and Loan Society v. Thornton, 123 Cal. 62 [55 Pac. 702]). Whatever the form of the debt, the mortgagor can be legally compelled to pay no part of it until the decree is entered for the sale of the premises mortgaged, and the liability which shall then accrue to him is a liability to pay only a deficiency which shall appear on the sheriff's return. The liability is therefore contingent, and dependent upon the fact whether upon the sale of the mortgaged premises there shall be a deficiency. The plaintiff in this case, in bringing the suit, recognized the fact that the mortgage was inseparably connected with the note. As already stated, according to the terms of the note, independent of the mortgage, the action would have been prematurely brought, and at the time it was brought it could only be sustained by reference to the clause in the mortgage giving an option to the owner, in case of default in the payment of interest at the time specified, to consider the whole debt due. Being inseparably connected with the mortgage, and affected by the conditions contained therein, the note is not negotiable, within the law merchant or Civil Code. Kent, under the head of 'The Essential Qualities of Negotiable Paper,' says that, to constitute a negotiable note or bill, 'it is essential that it carry with it a personal credit given to the drawer or indorser, and that it be not confined to credit upon any future or contingent event.' 3 Kent's Commentaries. 'A negotiable instrument must be made payable in money only, and without any condition not certain of fulfillment.' Civ. Code, § 3088. * * * In Adams v. Seaman, 82 Cal. 636 [23 Pac. 53, 7 L. R. A. 224], in commenting upon these provisions of the Civil Code, it is said, 'An instrument is not negotiable if it have any condition not certain of fulfillment,' and it was held that a provision for the payment of an attorney's fee in case of foreclosure was a contingency rendering the note nonnegotiable.

"The assignment and transfer of the note and mortgage in question, therefore, was without prejudice to any set-off or other defense existing

in favor of the defendants Weber, the same as though there had been no assignment, and the action had been brought by the company to whom they were given. Civ. Code, § 1459; Code Civ. Proc. § 398. As the findings of the court show an utter failure of consideration as between the original parties, judgment properly followed in favor of the defendants.

"Judgment affirmed."

In addition to the above, we make following quotation from the case of Toby v. Oregon Pacific R. R. Co., 98 Cal. 490, 33 Pac. 550, a California Supreme Court opinion, construing said section 726 and introduced as evidence on the trial:

"Under that section there can be but one action for the recovery of any debt, etc., which must be in accordance with the provisions of that chapter. It further provides that a personal judgment may be entered for a balance remaining due, if the proceeds of the incumbered property shall be insufficient, etc. To confine a recovery in such classes to one action, to make the mortgaged property the primary fund out of which satisfaction is to be had, and to give the plaintiff a personal judgment for such balance as may remain due after the exhaustion of the mortgaged property, are the three essential things provided for."

[1] The case was tried without a jury. Judgment was rendered for appellee. The trial court made and filed findings of fact and conclusions of law. The facts found by the court are substantially the facts pleaded; there being no controversy as to the facts. Appellant excepted to the trial court's conclusions of law, filed a motion for a new trial, and, same being overruled, gave notice of appeal. Appellant presents four assignments of error, all going to the question of the judgment that should have been entered.

Personal contracts are governed by the laws of the place where made, unless a different place is fixed by the contract for its performance. Jones v. National Cotton Oil Co., 31 Tex. Civ. App. 420, 72 S. W. 248; Cantu v. Bennett, 39 Tex. 303. In Shreck v. Shreck, 32 Tex. 588 (5 Am. Rep. 251) it is said:

"It is certainly a general principle that in judicial actions upon contracts the law of the place where the contract was made governs in determining its construction, obligation, and enforcement, its validity or invalidity."

It is impossible to consider a contract separately from the remedy given by the law of its enforcement, because it is this that supplies it with legal vitality. The law is the essential factor in every contract, and is presumed to be considered by the parties in their deliberations. Among the elements of a contract nothing is more important than its means of enforcement. It is a branch of its vital existence—the thing that gives it life. Without it the contract ceases to be. In matters of contract the ideas of right and remedy are inseparable. Cochran v. Ward, 5 Ind. App. 89, 29 N. E. 795, 31 N. E. 581, 51 Am. St. Rep. 229. The statute invoked provides an absolute defense in the state where the contract was made; therefore it must be so held in the state where the suit was brought.

It seems to us and from what has been said that, under the section of the California Code above quoted, and the interpretation of the section by the Supreme Court of that state, had this suit been filed in California, the suit filed by appellant seeking and obtaining an order foreclosing the second mortgage given to secure the note sued on here, the note and mortgage being one and the same transaction, would be a perfect defense to this suit. True, appellant in that suit, appellee at that time being a resident of Texas, could not have a personal judgment against appellee for any unpaid deficiency remaining. But appellant had before him his remedies at the time of filing his suit in California. He could there foreclose his mortgage and purchase appellee's right of redemption, or he could sue in Texas and recover a personal judgment against appellee. He elected to pursue the former. To give the appellant a second suit would be to give him a right he did not have in California, the forum of the transaction. Appellant's right to sue was limited by the law of the place where made to one action. By his suit there he exhausted that right. This state evidently could not widen his right, or give him one that does not go with his contract. This state could do no more by comity than to furnish him a forum and procedure in which to exercise and enforce a right given him by reason of his contract, and that right is construed and limited by the law of the place of its making.

We are of the opinion that the trial court was not in error in entering judgment for appellee.

The case is affirmed.

HIGGINS, J. (dissenting). I am of opinion that section 726 of the California Code has no application to this suit brought in Texas, and that judgment should have been rendered for appellant. Very briefly stated, my views are:

The law of Texas applied to the facts of this case would not prevent a recovery. The laws of California, if applicable, will prevent recovery. The question thus reduces itself to a determination of whether the laws of Texas or California shall prevail.

It is well settled that the construction and validity of a contract is governed by the law of the place where it is made. But it is universally conceded that the affording of remedies in one state for enforcing a contract made in another depends entirely upon judicial comity and that the remedies and procedure are therefore governed entirely by the lex fori. In other words, the lex fori prevails over all other laws so far as concerns matters that relate to the remedy as distinguished from the substantive contract. 5 Ruling Case Law, pp. 931, 942, et seq.; cases cited in 4 Michie, Ency. Dig. p. 260; 9

Cyc. 690 et seq.; 2 Parsons on Contracts (9th Ed.) p. 588; 2 Wharton Conflict of Laws (3d Ed.) § 675a; 3 Am. & Eng. Ency. Law (1st Ed.) 576; 2 Bouvier's Law Dictionary (3d Ed.) 1940.

The portion of section 726 of the California Code pertinent to the question considered is quoted in the majority opinion, and it is unnecessary to repeat same. As I construe same and the rest of the section, it relates purely to the remedy and matters of procedure connected therewith. It does not in any wise affect the substantive contract between the parties.

It may be conceded that, where the remedy provided by the lex loci affects the validity and obligation of a contract, the same is imported into and becomes an essential part of the contract. Thus, while the question of limitation of the time for bringing an action is ordinarily a matter of remedy and is governed by the lex loci, it is otherwise when the limitation becomes incorporated into the cause of action as a part or condition thereof. In other words, statutes of limitation, unless they discharge a debt, go to the remedy merely and questions arising under them are to be determined by the law of the forum. 9 Cyc. 691, and cases there cited. This same rule is applied by some of the courts as to contracts falling within the statutes of fraud of the state where made, but which would be valid under the law of the forum. In this case the statutes of fraud of the lex loci are regarded as affecting the validity and obligation of a contract, rather than the remedy upon same. The cases of Jones v. National Cotton Oil Co., 31 Tex. Civ. App. 420, 72 S. W. 248, and Cochran v. Ward, 5 Ind. App. 89, 29 N. E. 795, 31 N. E. 581, 51 Am. St. Rep. 229, referred to in the majority opinion, fall within this category.

The doctrine upon which this class of cases rests is well stated in Cochran v. Ward, as follows:

"There can be no doubt, we think, that to the extent that the remedy affects the validity and obligation of a contract it is imported into and becomes an essential part of it, and characterizes it whenever it is the subject-matter of litigation. * * * This doctrine does not conflict with the general rule that in matters of procedure the lex fori controls. 'Procedure,' in this connection, applies to the nature of the action, as whether it shall be covenant, assumpsit, debt, etc., to the rules of pleading and evidence, the order and manner of trial, and the nature and effect of process, and perhaps to all other matters of remedy only which are not incorporated into the contract as affecting its nature and obligatory character."

It will be readily seen, as is expressly stated in Cochran v. Ward, that these are not even exceptions to the rules relating to the lex loci and lex fori. They merely furnish illustrations that in some instances the remedy becomes a part of and affects the validity and obligation of a contract. These and many other cases to like effect are distinctions, and not exceptions to the rule. For discussion of the subject, see 2 Wharton on Conflict of Laws (3d Ed.) §§ 675a, 676, et seq. The distinction is also pointed out in 5 Ruling Case Law, p. 942, in referring to Cochran v. Ward.

I regard said section 726 as affecting the remedy and procedure merely as to actions brought in California for the recovery of any debt or the enforcement of any right secured by mortgage, and that the same in no wise affects the validity, obligation, or right under the contract. This being its nature, it can have no extraterritorial effect, and the right of Lindsay to bring this suit in Texas to recover a personal judgment upon the note, which he was unable to obtain in the California suit, is not affected thereby. There is nothing in the law of Texas which would prevent him from pursuing his remedy by this suit to obtain such a personal judgment, and, in my opinion, it is error to apply the provisions of section 726 of the California Code and deny a recovery.

## On Motion to Certify.

WALTHALL, J. [2] Appellant has filed a motion to certify in this case, based upon the dissenting opinion of Associate Justice E. F. HIGGINS.

This is a county court case. Upon an examination of chapter 8, tit. 32, R. S. 1911, relating to the certification of questions to the Supreme Court, it will be observed there are three separate articles of the statute relating to certification. One of the articles is 1619, formerly 1043, which gives to the Court of Civil Appeals the right to certify questions in any case pending in said courts whenever there arises an issue of law which it should deem advisable to present to the Supreme Court for adjudication. Under this article of the statute it was immaterial whether the case was a district or county court case. Wallis v. Stuart, 92 Tex. 568, 50 S. W. 567.

By article 1620, R. S. 1911, formerly 1040, it is provided that, when any Court of Civil Appeals shall in any cause render a decision in which any one of the judges therein sitting shall dissent as to any conclusion of law material to the decision of the case, and said judge enters the ground of his dissent of record, then said court shall, upon motion of the party to the cause, or on its own motion, certify the point or points of dissent to the Supreme Court. In cases governed by this article of the Revised Statutes of 1911 a case which originated in the county court could not be certified to the Supreme Court; it having been held in Herf v. James, 86 Tex. 230, 24 S. W. 396, that the judgment of the Court of Civil Appeals in such a case is final, and the Supreme Court would have no jurisdiction thereof.

By article 1623 of the Revised Statutes of

1911 provision is made for certification whenever any one of the Courts of Civil Appeals arrives at an opinion in the decision of a case which may be in conflict with an opinion theretofore or thereafter rendered by some other Court of Civil Appeals on any question of law, and such court refuses to concur with the opinion in conflict with the opinion so arrived at by the first-mentioned court.

By chapter 55 of the General Laws of the Thirty-Third Legislature certain statutes relating to the jurisdiction of the Supreme Court were amended, and article 1521 of the Revised Statutes was amended so as to read as follows:

"The Supreme Court shall have appellate jurisdiction coextensive with the limits of the state, which shall extend to questions of law arising in civil causes in the Courts of Civil Appeals in the following cases when same have been brought to the Courts of Civil Appeals by writ of error, or appeal, from final judgments of the trial courts:

"(1) Those in which the judges of the Courts of Civil Appeals may disagree upon any question of law material to the decision.

"(2) Those in which one of the Courts of Civil Appeals holds differently from a prior decision of its own, or of another Court of Civil Appeals, or of the Supreme Court upon any such question of law.

"(3) Those involving the validity of statutes.

"(4) Those involving the revenue laws of the state.

"(5) Those in which the Railroad Commission is a party.

"(6) Those in which, by proper application for writ of error, it is made to appear that the Court of Civil Appeals has, in the opinion of the Supreme Court, erroneously declared the substantive law of the case, in which case the Supreme Court shall take jurisdiction for the purpose of correcting such error."

And article 1522 of the Revised Statutes was amended so as to read as follows:

"All causes mentioned in article 1521 may be carried to the Supreme Court either by writ of error or by certificate from the Court of Civil Appeals as elsewhere provided, except those mentioned in subdivision 6, which must be presented by application for writ of error."

In the case of Bank v. Powell (Tex.) 163 S. W. 581, it was expressly held by the Supreme Court that it had jurisdiction by certified question in no case except it be embraced in one of the first five subdivisions of article 1521. We must therefore look to the provisions of article 1521 as amended to determine whether or not the Supreme Court would have jurisdiction in this case by certified question. By the first subdivision of said amended article it is to be observed that the Supreme Court has jurisdiction by certified question in those cases in which the judges of the Courts of Civil Appeals may disagree upon any question of law material to the decision. This subdivision corresponds to article 1620 of the Revised Statutes. By subdivision 2 of amended article 1521, it is to be observed that the Supreme Court has jurisdiction by certified question in those cases in which one of the Courts of Civil Appeals holds differently from a prior decision of its own or of another Court of Civil Appeals

or of the Supreme Court upon any such question of law. This subdivision corresponds to article 1623 of the Revised Statutes of 1911. Said amended article 1521 contains no provisions corresponding to the provisions of article 1619, Revised Statutes 1911.

In Cole v. State (Tex.) 170 S. W. 1036, and McFarland v. Hammond (Tex.) 173 S. W. 645, it was expressly held that article 1591, R. S. 1911 was not repealed by said chapter 55, Gen. Laws 33d Leg. Referring back now to the above-cited case of Herf v. James, it will be noted that the Supreme Court based its holding that it had no jurisdiction by certified questions by reason of the dissent by one of the judges of the Courts of Civil Appeals in county court cases because, by the fifth section of the act of May 13, 1893,* the judgment of the Courts of Civil Appeals in such county court cases was made final. Article 1591, R. S. 1911, is in almost the same language and in substance is to the same effect as the fifth section of said act of May 13, 1893. It thus appears that the Supreme Court in this case would have no jurisdiction by certified question unless it be upon the ground of the dissent herein. While there has been some change in the verbiage of the statute, yet the statute at present relating to certification in cases of dissent is, in substance, the same as section 32 of the act of May 13, 1893. Article 1591, R. S. 1911, is now in force, and is, in substance, the same as the fifth section of the act of May 13, 1893. We thus have this situation: In Herf v. James it was held that in county court cases, wherein a dissent was filed, the Supreme Court had no jurisdiction under section 32 of the act of May 13, 1893 (to which section subdivision 1 of amended article 1521 corresponds), because such section 32 was controlled by section 5 of the same act (to which section article 1591, R. S. 1911, corresponds), because in such cases the provisions of section 5 made final the judgment of the Court of Civil Appeals; and in Cole v. State and McFarland v. Hammond it is distinctly held that said article 1591, R. S., relating to cases in which the Courts of Civil Appeals is made final, is not repealed by said chapter 55, Gen. Laws 33d Leg. The conclusion thus follows that as to county court cases subdivision 1 of amended article 1521 is controlled by article 1591, R. S.; that in such cases the Supreme Court has no jurisdiction by certified question, because the judgment of the Court of Civil Appeals is final.

It might be that the analogy of the rule announced in Herf v. James is destroyed by amended article 1522, quoted above, but, as we understand the opinions in Cole v. State and McFarland v. Hammond, there is no qualification to the holding there made that article 1591 is not repealed by said chapter 55. In the light of that holding, we are constrained to the view that in cases of this

---

*See supplemental opinion following.

character the rule announced in Herf v. James is applicable, for which reason the motion to certify is overruled.

### Supplemental Opinion.

WALTHALL, J. In the opinion rendered on motion to certify, reference is made to the act of May 13, 1893. This reference is incorrect. It should be the act of April 13, 1892. See General Laws First Called Session 22d Legislature, p. 25. Our reference to the act was made from the opinion in Herf v. James, as it is officially reported in 86 Tex. 230. In preparing our opinion we were using such official report. Such citation in the official report is incorrect. The act is correctly cited in the Herff v. James opinion as it is reported in 24 S. W. 396.