HOUSTON, E. & W. T. RY. CO. v. SULLI-
VAN. (No. 1320.)

(Court of Civil Appeals of Texas. Beaumont.
Dec. 15, 1925.)

Frauds, statute of ⧟129(11)—Proof required
to work equitable estoppel to defeat statute
stated.

To sustain verbal lease for three years on
part of railroad right of way, it was incumbent
on plaintiff to prove payment of rental, entry
into possession, and erection of valuable im-
provements on leased premises to work equi-
table estoppel necessary to defeat statute.

Appeal from District Court, Nacogdoches
County; C. A. Hodges, Judge.

Action by J. H. Sullivan against the Hous-
ton, East & West Texas Railway Company.
From judgment for plaintiff, defendant ap-
peals. Reversed and rendered.

Baker, Botts, Parker & Garwood and Gar-
rison & Watson, all of Houston, for appellant.
Adams & Moore, of Nacogdoches, for appel-
lee.

HIGHTOWER, C. J. We take the follow-
ing statement of this case from appellant's
brief, which is not questioned by appellee:

"This is a suit for damages which, as al-
leged in plaintiff's original petition, were in-
curred by plaintiff by reason of the alleged
breach by defendant of a parol lease of land
for the term of three years, alleged to have
been made and entered into by and between the
plaintiff and the defendant on or about January
10, 1924.

"The defendant (appellant here) answered by
general demurrer, several special exceptions,
general denial, a plea setting up the statute of
frauds, and a special allegation to the effect that
all negotiations with reference to leasing ap-
pellant's right of way are subject to the ap-
proval of appellant's vice president and general
manager, and that no one had authority to en-
ter into such contract without first securing the
approval and signature of appellant's vice
president and general manager.

"Plaintiff, by supplemental petition, admit-
ted, that the contract for the lease of appel-
lant's right of way was verbal, but pleaded
payment of rental for the first year, and entry
into possession and the placing of valuable im-
provements upon the land."

The trial was had with a jury, and result-
ed in a verdict and judgment in favor of ap-
pellee for $550. No useful purpose would be
served by stating the issues submitted to the
jury or the charge of the court in any re-
spect.

It is clear from the record in this case that
the contract, the breach of which was relied
upon for recovery by appellee, was a verbal
agreement made between himself and appel-
lant's superintendent, under the terms of
which, as appellee claims, appellant leased to
him a part of its right of way, described in

his petition, for a period of three years. It
was contemplated that appellee was to con-
struct and build upon this leased land a shell
or gravel rack to be used by him in furnish-
ing and delivering shell and gravel to Shelby
county for the construction of roads, etc. Ap-
pellee alleged and testified that in making
this verbal agreement with appellant's super-
intendent he contemplated entering into a
contract with Shelby county to furnish that
county shell and gravel, and he desired to
build the shell or gravel rack at the particu-
lar point on appellant's right of way, de-
scribed in his petition, because it would be a
much closer haul for him in handling the
shell and gravel than he would otherwise
have, and that, therefore, he could make
more money out of his contract with Shelby
county. The testimony showed that he did
afterwards secure a contract with Shelby
county, as he had contemplated, but that ap-
pellant declined to let him have possession of
that portion of its right of way covered by
the verbal lease, and that he had to use an-
other loading rack, and haul the shell and
gravel at a materially greater distance. Ap-
pellee's evidence showed that he did pay to
appellant's local agent at Appleby, Tex., $12,
which was the agreed rental for the land cov-
ered by the verbal contract for the first year,
but the evidence further showed without dis-
pute that he had never entered into posses-
sion of this land or any portion of it, and
that he had never constructed any character
of improvements upon it.

Counsel for appellee have filed no brief in
this case, and, therefore, we are left in the
dark as to appellee's theory for upholding
this judgment. We sustain appellant's third
proposition, which is fully supported by the
pleadings and the undisputed evidence in
this case. It is as follows:

"Where plaintiff's suit for damages is based
on the breach of a parol agreement to lease land
for a term of three years, and defendant an-
swered by way of general denial and a spe-
cial plea, invoking the statute of frauds, plain-
tiff then must plead, and has the burden of
proving, facts sufficient to take the parol
agreement out from under the force and effect
of the statute; and where, on the trial of the
case before a jury, plaintiff fails to prove
entry into possession with the consent or ac-
quiescence of the defendant and valuable im-
provements made on the leased premises in re-
liance on said verbal agreement, the court
should, on request, instruct the jury to return
a verdict for the defendant."

As we have stated, there was absolutely no
proof showing that appellee ever entered in-
to possession of the claimed leased premises,
or that he ever constructed any character of
improvement whatever thereupon. In order
to sustain his verbal lease, even if the super-
intendent had authority to make it, it was
incumbent upon appellee to prove payment of

the price, his entry into possession, and the erection by him of valuable improvements upon the leased premises, to work the equitable estoppel necessary to defeat our statute of frauds. Hooks v. Bridgewater, 111 Tex. 122, 229 S. W. 1114, 15 A. L. R. 216; Page v. Vaughan (Tex. Civ. App.) 173 S. W. 541; Pitts v. Kennedy (Tex. Civ. App.) 177 S. W. 1016; Jones v. National Cotton Oil Co., 31 Tex. Civ. App. 420, 72 S. W. 248; Sonnenberg v. Ernst (Tex. Civ. App.) 233 S. W. 564.

It follows from the above conclusions that the judgment in this case must be reversed and here rendered in favor of appellant, and such is the order of this court.