

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Newell Cambron
County Auditor
Hopkins County
Sulphur Springs, Texas

Dear Sir:

Opinion No. O-5076
Re: Commissions on fines

Your letter of January 29, 1943, requesting the opinion of this department on the questions stated therein reads as follows:

"Please furnish me with an opinion on the following question. The 10% and 5% commissions allowed County Attorney, County Clerk, Sheriff and Constables. Is the full commission retainable by said above mentioned officers out of the first money collected or is the officer entitled to his percent of the amount collected only? For instance a $100.00 fine was assessed and $20.00 paid on same. Are officers entitled to keep all of $20.00 as their full commission or 20% of $20.00?"

Articles 949, 950 and 951, Vernon's Annotated Code of Criminal Procedure read as follows:

"Art. 949.

" Money collected by an officer upon recognizances bail bonds and other obligations recovered upon in the name of the State under any provision of this Code, and all fines, forfeitures, judgments and jury fees, collected under any provision of this Code, shall forthwith be paid over by the officers collecting the same to the county treasurer of the proper county, after first deducting therefrom the legal fees and commissions for collecting the same.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Art. 950.

"The district or county attorney shall be entitled to ten percent of all fines, forfeitures or moneys collected for the State or county, upon judgments recovered by him; and the clerk of the court in which said judgments are rendered shall be entitled to five per cent of the amount of said judgments, to be paid out of the amount when collected.

Art. 951.

"The sheriff or other officer, except a justice of the peace or his clerk, who collects money for the State or county, except jury fees, under any provision of this Code, shall be entitled to retain five per cent thereof when collected."

It is clear we think, that the above quoted statutes regarding the payment of commissions on money collected by the officers named therein under the provisions of these statutes applies only to money actually collected.

Referring to Article 950, supra, it is stated in Texas Jurisprudence, Vol. 15, p. 425:

". . . .

"The right of the prosecuting attorney to such fees or commissions accrues only upon the collection of the money, and payment may be made only out of the money collected; the attorney's right does not accrue upon the placing of an execution in the hands of the sheriff, since the execution may never be satisfied.
. . . . "

The case of Smith v. State, et al, 9 S. W. 274, among other things, holds:

"A county attorney is not entitled to commission upon a fine uncollected by reason of its remission by the governor . . . ."

The case of the State v. Dyches, et al., 28 Texas 535, among other things, holds:

"Commissions on adjudged forfeitures become due to the attorneys representing the State only when the money is collected, and they are to be taken out of the money collected. They are not 'costs', and cannot be taxed as such. If the money be not collected, no right to such commission accrues to the attorneys; and this, notwithstanding that their failure to collect it is attributable solely to the

action of the governor remitting the forfeiture."

Hopkins County has a population of thirty thousand two hundred and two inhabitants according to the 1940 Federal Census, therefore, the county officials of said county are compensated on an annual salary basis as required and authorized by Section 13 of Article 3912e, Vernon's Annotated Civil Statutes. The precinct officers of said county are compensated on a fee basis.

Under the officer's salary law (Sections 1 and 3, Article 3912e, Vernon's Annotated Civil Statutes) the county attorney, county clerk, and the sheriff are not entitled to retain personally any commissions whatsoever on fines, but such commissions are to be collected as required by the officers' salary law and when collected, such commissions are to be paid to the officers' salary fund. As the precinct officers of said county are compensated on a fee basis, the constables mentioned in your inquiry are entitled to retain the 5% commission when they actually collect the fine or fines.

In view of the foregoing authorities you are respectfully advised that it is our opinion, as above stated, that the payment of commissions and moneys collected by the officers named in the foregoing statutes is limited to such commissions only on the money actually collected. To illustrate, if a One Hundred Dollar fine is assessed and Twenty Dollars is paid on such fine, the officers are entitled to keep or retain the commission on the twenty dollars actually collected. However, as above stated, the county officials mentioned who are compensated on an annual salary basis are not legally entitled to retain personally any commissions, but such commissions when collected must be deposited into the Officers' Salary Fund. The constables who are compensated on a fee basis are legally entitled to retain personally the commission allowed by the foregoing statutes on the money or fines actually collected by them.

Yours very truly

APPROVED FEB. 6, 1943

Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

AW/po
ncd

ATTORNEY GENERAL OF TEXAS

By(signed) Ardell Williams
                Ardell Williams
                        Assistant

APPROVED OPINION COMMITTEE
        By BWB Chairman